# *Ex parte* Smotherman.
## and
## Smotherman *v.* The State.

*Petition for writ of Error; Petition for Habeas Corpus.*

1.  *Writ of error; when issued in criminal cases.*—Under the statute authorizing writs of error in criminal cases (Code, §§ 4327-4332), a writ of error can only be awarded on a judgment rendered by a court in a criminal case and for some error of law apparent on the record of the primary court.

2.  *Same; will not lie from order refusing to discharge petitioner on habeas corpus.*—An order made by a judge denying petitioner's prayer for discharge on *habeas corpus*, is not a judgment of a court in a criminal case within the terms of the statute authorizing the awarding of writs of error on a judgment rendered by the court in a criminal case; nor are the proceedings in *habeas corpus* shown of record in that court.

3.  *Arrest by police officer without warrant.*—A police officer while on duty has authority to arrest at any time or place a person whom he knows to be charged with a felony; and to authorize such arrest it is not necessary that he should have a warrant therefor.

4.  *Habeas corpus proceedings; when petitioner cannot prove his innocence.*—When a person charged with the commission of an offense by virtue of an affidavit and warrant issued by a justice of the peace, and he is arrested in another county than that in which the complaint is made, and immediately upon

[*Ex parte* Smotherman, and Smotherman v. The State.]

his arrest, he sues out a writ of *habeas corpus*, asking for his discharge, upon the hearing of the *habeas corpus* proceedings the petitioner is not entitled to show that he was not guilty of the offense charged against him.

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. DANIEL A. GREENE.

John Smotherman was arrested by a police officer in the city of Birmingham, and incarcerated in the city prison. Thereupon he sued out a writ of *habeas corpus* before the judge of the criminal court of Jefferson county, asking for his discharge from custody. The return of the warden of the city prison, in answer to the writ, showed that the petitioner was held by him under an affidavit and warrant made before and issued by a justice of the peace in Shelby county, charging said Smotherman with grand larceny, the warrant being returnable before the probate judge of Shelby county. Upon the hearing of the peittion, these facts and other facts stated in the opinion were shown. The petitioner offered to introduce evidence tending to show that he was not guilty of the offense charged, and that he was not in Shelby county at the time the larceny was alleged to have been committed. Upon objection on the part of the State, the court refused to allow the introduction of the evidence, and to this ruling the petitioner excepted. Upon the hearing of the cause the judge of the criminal court made an order denying the application for the discharge of the petitioner, and remanded him to the custody of the warden of the city prison. The petitioner files his petition in this court, addressed to the judges thereof, asking for the issuance of a writ of error in accordance with the statute. He also appeals from the order of the judge of the criminal court, denying his application for his discharge and remanding him to the custody of the warden.

B. M. ALLEN, for appellant, cited *Ex parte John Hardy*, 68 Ala. 303; *Ex parte Long*, 87 Ala. 47; Section 5223, Code of Ala. 1896; *Ex parte Davis*, 95 Ala. 9; *Sims v. State*, 137 Ala. 79; *Monroe v. State*, 137 Ala. 88; *Ex*

*parte Mohr* ,73 Ala. 503; *Wilcox v. Nolze,* 34 Ohio State, 520.

MASSEY WILSON, Attorney-General, for the State. The commitment of the defendant may have been irregular, but that is no ground for a discharge on *habeas corpus.—Ex parte McGlawn,* 75 Ala. 38; Code, § 4839. The affidavit upon which the warrant was issued was sufficient.—*Monroe v. State,* 137 Ala. 88.

McCLELLAN, C. J.—The granting of writs of error is authorized and regulated by sections 4327-4332 of the Code. The writ can only be awarded on a *judgment* rendered *by a court* in a criminal case and for some error of law *apparent on the record* of the primary court.—Code, § 4327.

The order made by *the judge* of the criminal court of Jefferson county denying petitioner's prayer for discharge on *habeas corpus* is not a *judgment* of the city court in a criminal case within the terms of this statute, nor are the proceedings in such case shown of record in that court.

The petition now before us, therefore, presents no case for a writ of error.

The petitioner, however, also appealed from the order of the city judge refusing to discharge him. This is the method for bringing that order under review.—Code, § 4314. And upon the appeal we will inquire into the legality of his detention.

The warrant upon which appellant was arrested was issued by a justice of the peace of Shelby county. It was addressed: "To any lawful officer of said [Shelby] county." The arrest was made in Jefferson county by a policeman of the city of Birmingham, and the prisoner was delivered to the warden of the city jail, by whom his body was produced before the judge of the criminal court at the hearing. This warrant of the Shelby justice was not endorsed by any magistrate of Jefferson county as required by section 5219 of the Code to give it efficacy in that county. In the absence of such endorsement, it may be conceded that as *a mandate of arrest*—as in and

of itself conferring any authority to arrest the person named therein—this warrant was wholly inefficacious— "wholly worthless"—in the county of Jefferson.—Code, § 5219; *Ledbetter v. State*, 23 Tex. App. 247, 257; *Peter v. State*, 23 Tex. App. 684, 687; *People v. Shaver*, 4 Park. Crim. 45; *State v. Dooley*, 121 Mo. 591, 603. But it by no means follows that the police officer was without authority to arrest Smotherman. To the contrary, this warrant itself, though without force as a warrant in Jefferson county, showed the existence of a fact upon which the officer was authorized by the statute to make the arrest without a warrant, namely, the fact that *a charge had been made upon reasonable* cause that Smotherman had committed a felony.—Code, § 5211; *Floyd v. State*, 82 Ala. 16, 23. This warrant of arrest and the complaint before the Shelby county justice of the peace upon which the warrant was issued were before the judge of the city court on the hearing of the petition for *habeas corpus*, and that pending the occurrence or opportunity of petitioner's arrest. Assuming that it was the arresting officer's duty, the arrest having been made as without warrant, to promptly carry his prisoner before a magistrate, we also assume that this duty would have been performed but for the issuance of the writ of *habeas corpus*, and that pending the occurrence of opportunity to discharge this duty it was necessary for the prisoner to be confined in the city jail, it not appearing what, if any appreciable, time elapsed between the arrest and the service of the writ. On this state of affairs, the petitioner was not entitled to show on the hearing below that in point of fact he was not guilty of the offense charged against him. His proposed evidence to the effect that he was not bodily present in Shelby county when the offense was committed, moreover, would not have necessarily shown him innocent.—*State ex rel v. Tally*, 102 Ala. 25, 63-5.

The prisoner was not entitled, we therefore conclude, to his discharge, and the order of the judge of the city court denying his petition to that end was free from error.

The petition for writ of error is denied; and, on the appeal, the order of the judge of the city court is affirmed.