155 So.2d 296

**Ex parte Ward Raymond LEE.**

**3 Div. 77.**

Supreme Court of Alabama.

June 27, 1963.

[1]. Ante, p. 317.

Ward Raymond Lee, pro se.

Richmond M. Flowers, Atty. Gen., and Peter M. Lind, Sp. Asst. Atty. Gen., for the State.

LAWSON, Justice.

Ward Raymond Lee, who is confined in the penitentiary of this state, filed before a judge of the Circuit Court of Montgomery County a petition praying for his discharge in a habeas corpus proceeding. Lee was unsuccessful. He has not appealed from the order of the trial judge, as is authorized by § 369, Title 15, Code 1940, but has filed an original petition for writ of habeas corpus in this court.

In Ex parte Winnagle, 269 Ala. 668, 115 So.2d 261, referred to in Ex parte Thomas, 270 Ala. 411, 118 So.2d 738, and in Ex parte Rockholt, 271 Ala. 68, 122 So.2d 162, we said:

"Since the case of Ex parte Simonton, 9 Port. 383, it has been regarded as settled that the writ of habeas corpus may issue from this court only when necessary in the exercise of the 'general superintendence and control of inferior jurisdictions' with which it is clothed by the Constitution. § 140, Constitution of 1901; Ex parte Chaney, 8 Ala. 424; Ex parte Croom, 19 Ala. 561.

"The necessity which will authorize the issuance of the writ from this court does not exist unless a judge of some court invested with jurisdiction to act in the premises, has undertaken to decide upon the case of a party aggrieved or else, without any just cause therefor, has refused to entertain the same. Ex parte Simonton, 9 Port. 383." Ex parte Winnagle, 269 Ala. 669, 115 So.2d 262.

Some of the language used in the Winnagle case may be susceptible of the construction that we will entertain an original petition for writ of habeas corpus by a party aggrieved on the trial of a habeas corpus irrespective of the fact that an appeal will lie. We did not intend by the use of that language to so hold.

We now hold that where an appeal may be taken as prescribed by § 369, Title 15, this court in the absence of unusual circumstances will not entertain an original petition for writ of habeas corpus.

The petition is denied.

Denied.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.