155 So.2d 298

**Ex parte John E. BURTON.**

**3 Div. 76.**

Supreme Court of Alabama.

June 27, 1963.

**346**

John E. Burton, pro se.

Richmond. M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

GOODWYN, Justice.

This is an original habeas corpus petition filed here by John E. Burton, who is confined in Kilby Prison under a five year sentence for grand larceny imposed by the circuit court of Walker County.

It appears from the petition that, on March 26, 1963, Burton applied to a judge of the circuit court of Montgomery County for a writ of habeas corpus. Code 1940, Tit. 15, § 6. Attached to said petition, and made a part thereof, is a copy of the order rendered in that proceeding on May 7, 1963, holding that Burton is not "entitled to his discharge on habeas corpus, that the writ be discharged, and that" he "be remanded to the custody of William C. Holman", warden of Kilby Prison. The order recites that, "after a full hearing," the conclusion was reached that "the circuit court of Walker County, Alabama, had jurisdiction of the subject matter, and of petitioner, for purpose of trial, and that no grounds for discharge" were presented at the hearing.

 The State has moved to strike the petition on the ground, among others, that the proper method of reviewing the circuit judge's action is by appeal, and not by original petition for habeas corpus addressed to this court. The motion is well

taken. Code 1940, Tit. 15, § 369; Ex parte Smotherman, 140 Ala. 168, 170, 37 So. 376; .Keene v. Wiman, 274 Ala. 219, 147 So.2d 817; Johnson v. Williams, 244 Ala. 391, 393, 13 So.2d 683; Vernon v. State, 240 Ala. 577, 579, 200 So. 560, cert. den. Vernon v. Wilson, 313 U.S. 559, 61 S.Ct. 837, 85 L. Ed. 1519; Ellis v. State, 41 Ala.App. 438, 135 So.2d 814, cert. den. 273 Ala. 707, 135 So.2d 815, cert. den. 368 U.S. 932, 82 S.Ct. 369, 7 L.Ed.2d 195, cert. den. 369 U.S. 807, 82 S.Ct. 650, 7 L.Ed.2d 554.

Aside from the foregoing, petitioner was properly denied his release because none of the grounds of the petition challenges either the jurisdiction of the Walker County circuit court or the regularity of the proceedings therein on their face. Keene v. Wiman, 274 Ala. 219, 147 So.2d 817, 818, supra; Griffin v. State, 258 Ala. 557, 558, 63 So.2d 682; Johnson v. Williams, supra; Vernon v. State, supra.

The motion to strike the petition is due to be granted.

Petition stricken.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.