156 So.2d 364

**Johny Raymond BANKS**

v.

**STATE of Alabama.**

**3 Div. 81.**

Supreme Court of Alabama.

Sept. 5, 1963.

Johny Raymond Banks, pro ami.

Richmond M. Flowers, Atty. Gen., and John G. Bookout, Asst. Atty. Gen., for the State.

GOODWYN, Justice.

From the documents filed here it appears that Johny Raymond Banks, who is confined in Kilby Prison under three separate sentences imposed by the circuit court of Pickens County, filed a habeas corpus petition in the circuit court of Montgomery County; that a writ of habeas corpus was issued as prayed for; that a return to the writ was made; and that, on April 10, 1963, after a hearing, a judgment was rendered that Banks was "not entitled to his discharge on habeas corpus, that the writ be discharged and that * * * Banks be remanded to the custody" of the warden of Kilby Prison.

It does not appear that an appeal was taken from said judgment as authorized by Code 1940, Tit. 15, § 369. And the documents before us, considered as embodying an original petition for habeas corpus, will have to be stricken.

We have held that the proper method of reviewing a circuit judge's action in a case like this is by appeal, and not by an original petition for habeas corpus addressed to this court. Code 1940, Tit. 15, § 369; Ex parte Burton, ante, p. 345, 155 So.2d 298; Ex parte Smith, ante, p. 344, 155 So.2d 297; Ex parte Smotherman, 140 Ala. 168, 170, 37 So. 376; Keene v. Wiman, 274 Ala. 219, 147 So.2d 817; Johnson v. Williams, 244 Ala. 391, 393, 13 So.2d 683; Vernon v. State, 240

Ala. 577, 579, 200 So. 560, cert. den. Vernon v. Wilson, 313 U.S. 559, 61 S.Ct. 837, 85 L.Ed. 1519; Ellis v. State, 41 Ala.App. 438, 135 So.2d 814, cert. den. 273 Ala. 707, 135 So.2d 815, cert. den. 368 U.S. 932, 82 S.Ct. 369, 7 L.Ed.2d 195, cert. den. 369 U.S. 807, 82 S.Ct. 650, 7 L.Ed.2d 554.

The State's motion to strike the petition (considering the documents as an original petition for habeas corpus) is due to be granted.

Petition stricken.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.