156 So.2d 379

**Ex parte James E. RUFFIN.**

**3 Div. 92.**

Supreme Court of Alabama.

Sept. 5, 1963.

See also 41 Ala.App. 560, 140 So.2d 294.

———◆———

James E. Ruffin, pro ami.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

Petitioner has filed in this court an original petition which is styled "RE-APPLICATION FOR WRIT OF HABEAS CORPUS, IN FORMA PAUPERIS." The petition contains the following recital:

"3. PETITIONER AVERS THAT THIS IS A RE-APPLICATION OF A PETITION HEARD BY JUDGE EUGENE CARTER, OF THE FIF-TEENTH (15) JUDICIAL CIRCUIT OF ALABAMA, IN HIS CHAMBERS ON JULY 10, 1963."

The quoted recital shows that petitioner seeks to review, by original petition, the action of the circuit court denying relief on the same petition heard in that court.

Any party aggrieved by the judgment on the trial of a habeas corpus may appeal to the supreme court. or court of appeals. § 369, Title 15, Code 1940. Ex parte Taylor, ante, p. 346, 155 So.2d 299.

: ■ Where an appeal may be· taken as prescribed by § 369, Title 15, Code 1940, this court, in the absence of unusual circumstances, will not entertain an original petition for writ of habeas corpus. Ex parte Lee, ante, p. 343, 155 So.2d 296.

■ The instant petition shows on its face that petitioner could have taken. an appeal as prescribed by § 369, Title .15. In that circumstance, without more, the supreme court will not entertain the instant petition and the state's motion to strike the petition is due to be granted. Ex parte Carmack, ante, p. 347, 155 So.2d 300.

The foregoing discussion is based on matters appearing on the face of the petition. Other matters appear in petitioner's reply to the state's motion to strike the petition. In his reply petitioner states that he " * * on, to-wit, February 27, 1962, tried the so-called other remedy of appeal in Title 15, Sec. 369, to no avail." See Ruffin v. State, 41 Ala.App. 560, 140 So.2d 294. Thus it seems that petitioner has already enjoyed at least one review, by appeal, of Judge Carter's action in denying petitioner's release in a habeas corpus proceeding where he complained of conviction for escape. He is not entitled to prosecute the instant petition under the circumstances which he has shown.

Petition stricken.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.