165 So.2d 92

**Ex parte David BUSBY.**

**3 Div. 145.**

Supreme Court of Alabama.

May 28, 1964.

542

David Busby, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

This is an original petition for habeas corpus commenced in this court.

The papers filed by petitioner indicate that, in 1956, he pleaded guilty to an indictment for rape and was sentenced to life imprisonment. He prays for release from "his illegal incarceration in this cause."

■ Since Ex parte Simonton, 9 Port. 383, decided in 1839, it has been regarded as settled that the writ of habeas corpus may issue from this court only when necessary in the exercise of the general superintendence and control of inferior jurisdictions with which this court is clothed by the Constitution. § 140, Constitution of 1901. The necessity, which will authorize the issuance of the writ from this court, does not exist unless a judge, of some court invested with jurisdiction to act in the premises, has undertaken to decide upon the case of a party aggrieved or else, without any just cause therefor, has refused to entertain the same. Ex parte Lee, 275 Ala. 343, 155 So.2d 296.

■ The papers filed by petitioner do not show that he has previously made application to the judge of any court invested with jurisdiction to grant habeas corpus and that such judge has undertaken to decide upon petitioner's case or has, without just cause, refused to entertain the same. If an application by petitioner for habeas corpus had previously been denied, he would, for aught that appears, have been entitled to appeal from such denial. Ex parte Whitson, 275 Ala. 685, 158 So.2d 486. In any event, he has not shown that circumstances exist which will authorize the issuance of the original writ from this court and the petition therefor is due to be denied.

Appended to his petition for habeas corpus is a request for appointment of counsel "TO REPRESENT AND ASSIST HIM, THE PETITIONER IN PERFECTING HIS APPLICATION FOR THE WRIT OF HABEAS CORPUS TO THIS HONORABLE COURT."

■ We do not think that Act No. 526, of the Legislature, approved September 16, 1963, Laws 1963, p. 1136, requires or contemplates that this court, or a justice thereof, shall appoint counsel for an indigent petitioner, who seeks an original writ of habeas corpus from this court, when the petition fails to show that he had previously applied to a judge of some court invested with jurisdiction to grant the writ, and that such judge has undertaken to decide or has refused to entertain the cause as stated in Ex parte Lee, supra.

Writ denied.

Request for counsel denied.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., concur.