184 So.2d 835

Houston PRICE

v.

William C. HOLMAN, Warden.

Misc. No. 84.

Supreme Court of Alabama.

March 31, 1966.

Houston Price, pro se.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for respondent.

SIMPSON, Justice.

This is an original petition for habeas corpus brought to this Court by Price, who is confined in Kilby Prison under sentence to life imprisonment.

It appears that petitioner first brought a petition before a judge of the Circuit Court of Montgomery County. The writ was issued and the respondent made return thereto. After hearing, the Circuit Judge denied discharge of the prisoner and remanded him to the custody of the respondent. This judgment bears date of December 14, 1965.

The State has moved to strike the petition on the ground that habeas corpus is not the proper remedy. We agree. The proper remedy was by appeal, as provided by § 369, Title 15, Code. Consonant with § 140, Constitution of Alabama, we have consistently held that the writ of habeas corpus will only be issued by this Court where necessary to exercise its general supervision over inferior jurisdictions. Ex parte Lee, 275 Ala. 343, 155 So.2d 296; Ex parte Smith, 275 Ala. 344, 155 So.2d 297; Ex parte Burton, 275 Ala. 345, 155 So.2d 298; Ex parte Taylor, 275 Ala. 346, 155 So.2d 299; Ex parte Carmack, 275 Ala. 347, 155 So.2d 300; Maddox v. State, 277 Ala. 403, 171 So.2d 112. Others might be added.

In the *Lee* case, supra, we specifically held that where an appeal may be taken as prescribed by § 369, Title 15 of the Code, this Court in the absence of unusual circumstances will not entertain an original petition for habeas corpus. We perceive no "unusual circumstances" here since the trial court had jurisdiction of the entire matter.

In essence, the purpose of the petition addressed to the Circuit Court and the petition brought to this Court is to review and reverse the verdict and judgment of conviction for insufficiency of the evidence. Habeas corpus is not a revisory remedy and cannot be made to answer the purpose of an appeal, certiorari, or writ of error. Redus v. Williams, 244 Ala. 459, 13 So.2d 561, certiorari denied 320 U.S. 775, 64 S.Ct. 85, 88 L.Ed. 464; Cooper v. Wiman, 273 Ala. 699, 145 So.2d 216, certiorari denied 371 U.S. 958, 83 S.Ct. 516, 9 L.Ed.2d 505.

It is sufficient in this case that we apply the rule stated above that the original petition cannot be entertained.

Petition stricken.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.