SAM W. TAYLOR, Judge.
The defendant pleaded guilty to violation of the Alabama Uniform Controlled Substances Act and was sentenced to five years’ imprisonment. He gave notice of appeal from his guilty plea and petitioned to lower his $10,000 bail pending appeal. The court after a hearing denied the petition.
I
Alabama Code § 12-22-170 (1975) admits convicted felons to bail pending appeal. No reference is made in this section to the amount of bail except that it be “in a sum to be fixed by the judge.... ” Counsel contends in brief that the appeal bond is excessive and hence violative of Article 8 of the United States Constitution and Article I, Sec. 16 of the Alabama Constitution 1901.
These constitutional provisions have been held by this court to be inapplicable to post-conviction bail pending appeal. Pace v. State, 45 Ala.App. 132, 226 So.2d 676 (1969); Floyd v. State, 389 So.2d 967, 969 (Ala.Cr.App.1980).
II
The appellant during colloquy with the court at the hearing on this motion made some reference to guidelines put for-' ward by the Supreme Court. The Discretionary Bond Schedule as set forth in Rule 2, Alabama Rules of Judicial Administration applies only to pretrial release and is, in any event, to be regarded only as a guide. See Comment, Rule 2, A.R.J.A. The trial judge did not err in the exercise of his discretion.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.