This is an appeal from the denial of a petition for a writ of habeas corpus challenging the amount of bail bond pending indictment and trial for a criminal offense.
The petitioner, Donald Roberson Clay, was arrested on October 15, 1989, on a complaint filed in district court based on the murder of 29-year-old Timothy Craig Morris, whose death was caused by a severe beating. Bond was set at $75,000 by the presiding judge of the Morgan County *Page 1117 
Circuit Court. On October 16, the petitioner made this bond and was released.
On October 26, 1989, the district attorney filed a motion to revoke the bond. The motion alleged that the petitioner was "a danger and a threat to society" for three reasons: (1) In June 1987, the petitioner had been convicted of driving while under the influence of alcohol. (2) On February 29, 1988, the petitioner had been convicted of criminally negligent homicide in a case arising out of an automobile collision which had occurred in August 1985 and while petitioner was driving under the influence. The petitioner had been sentenced to 12 months in the county jail. (3) On October 24, 1989, just eight days after the petitioner had made the $75,000 bond in the pending murder case, he had been arrested for driving under the influence of alcohol, speeding, running a red light, and illegal possession of prohibited liquor (apparently because the petitioner was under 21 years of age). Bond was set in those cases in an amount not revealed in the record before this Court and the petitioner was released.
On November 6, 1989, a hearing was held in the district court on the motion to revoke bond. Following this hearing, the district judge revoked the $75,000 bond and set bond in the amount of $500,000 "[b]ecause of affirmative evidence and prior stipulations of the parties presented to the Court that the defendant Donald Roberson Clay, while free on bond, has committed a serious misdemeanor offense and the defendant has attempted to commit suicide by the ingestion of valium." In addition to increasing the bond, the district judge also imposed the following conditions "should defendant obtain release on bond."
 "(1) The defendant shall not commit any violation of federal, state, or local law.
 "(2) The defendant shall appear timely for any court hearing or other ordered appearance in this case.
 "(3) The defendant shall not be in control of or operate any motor vehicle for any reason or at any time.
 "(4) The defendant shall remain in the custody of his bondsman/bondsmen, all of whom shall supervise him and report any violation by the defendant of any condition of defendant's bond set forth herein.
 "(5) Refrain from use of alcohol and/or use of any narcotic drug or other controlled substance as described by the laws of the state.
 "(6) Refrain from possessing a firearm or other dangerous weapon.
 "(7) Comply with a daily curfew of 8 p.m. to 8 a.m. (Defendant ordered to remain inside his place of permanent residence during said curfew hours.).
 "(8) Complete alcohol and controlled substance treatment and counseling as soon after release as is practical."
On November 13, 1989, Clay filed a petition for writ of habeas corpus in the circuit court of Morgan County, seeking a reduction in bail and his release from the county jail. The circuit court summarily denied the petition with the following order entered on November 14, 1989:
 "It appears from the petition filed herein (with attached exhibits) that petitioner questions the propriety of the District Court order and not the jurisdiction of that court to enter such order. The Court finds that defendant is in custody by order of the District Court fixing bail at $500,000.00; that such an order is within the jurisdiction of that court; that this petition in effect is an appeal from that order, or in the nature of asking this court to review and rule upon the propriety of that order; that habeas corpus is not the remedy for such procedure.
 "Habeas corpus does not serve the office of appeal nor to correct errors in judgment if the jurisdiction of the court rendering the judgment is without question. Habeas corpus proceedings [are] confined to jurisdictional matters only. Factual issues cannot be reached in habeas corpus proceedings. Writ of habeas corpus is against void judgments, but not irregular or voidable judgments.
 "The defendant has bail fixed, the propriety of the amount of bail (excessiveness) is not an office of habeas corpus. Such is a factual proceeding and defendant has those remedies available to him. *Page 1118 
"The writ is denied."
This appeal is from that denial of the habeas corpus petition by the circuit court.
The State recognizes the "perplexing procedural posture" of this case and requests this Court "to exercise its general supervisory jurisdiction and treat this appeal as a request for a reduction in bail in this Court." Appellee's brief at 11.
Bond was originally set by the circuit court but revoked by the district court. The action of the district court in revoking the petitioner's $75,000 bond was without jurisdiction and without authority. "The circuit court shall exercise a general superintendence over all district courts. . . ." Ala. Code 1975, § 12-11-30(4). A district court has no authority to set aside any order of the circuit court. Therefore, the order of the district court revoking the petitioner's $75,000 bond and setting bond at $500,000 is void.
Since the petitioner is not charged with a capital offense, he is "entitled to bail as a matter of right." Ala. Code 1975, § 15-13-2. Article I, § 16, of the Alabama Constitution of 1901, provides: "That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required." AccordShabazz v. State, 440 So.2d 1200 (Ala.Cr.App. 1983); Sprinklev. State, 368 So.2d 554 (Ala.Cr.App. 1978), writ quashed,368 So.2d 565 (Ala. 1979).
Under the laws and practice in Alabama, habeas corpus is the proper remedy to challenge either the denial or excessiveness of bail. Herring v. State, 563 So.2d 33 (Ala.Cr.App. 1990). See also Ex parte Bynum, 294 Ala. 78, 312 So.2d 52 (1975). The proper method of reviewing the denial of a petition for writ of habeas corpus is by appeal and not by original petition addressed to the appellate court. Price v. Holman, 279 Ala. 324,325, 184 So.2d 835, 836 (1966); Banks v. State, 275 Ala. 504, 156 So.2d 364, 365 (1963); Ex parte Ruffin, 275 Ala. 519,156 So.2d 379 (1963); Wilson v. State, 275 Ala. 402, 403,155 So.2d 506 (1963); Ex parte Carmack, 275 Ala. 347, 349,155 So.2d 300, 301-02 (1963); Ex parte Burton, 275 Ala. 345, 346,155 So.2d 298, 299 (1963); Ex parte Smith, 275 Ala. 344, 345,155 So.2d 297, 298 (1963); Ex parte Lee, 275 Ala. 343, 344,155 So.2d 296, 297 (1963); Moore v. State, 462 So.2d 1060, 1061
(Ala.Cr.App. 1985); Ex parte Cooper, 43 Ala. App. 439, 439-40,191 So.2d 827 (1966).
The petitioner originally filed his petition for writ of habeas corpus in the district court. Section 15-21-6(a), Ala. Code 1975, provides: "When the person is confined in a county jail or any other place on a charge of felony or under a commitment or an indictment for felony, the petition for a writ of habeas corpus must be addressed to the nearest circuitcourt judge." (Emphasis added.) The circuit court should have considered the merits of the petitioner's habeas corpus petition.
Because the judgment of the district court is void, this Court declines to take original jurisdiction of the petition for writ of habeas corpus. Compare Price v. Holman,279 Ala. at 325, 184 So.2d at 836; Ex parte Bynum, 294 Ala. at 80,312 So.2d at 54. See also Thomas v. State, 550 So.2d 1057, 1067 n. 1 (Ala.Cr.App.), affirmed, 550 So.2d 1067 (Ala. 1989).
This cause is reversed and remanded to the circuit court of Morgan County with directions that the order of the district court be set aside and for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur. *Page 1119