The appellant, Alvin Daniels, appeals the denial of two petitions for writ of habeas corpus. In February 1991, the appellant was living in Milwaukee, Wisconsin, when he was informed that the State of Alabama had several outstanding warrants against him. The appellant was extradited to Birmingham in March 1991. The appellant was charged with two counts of robbery in Alabama. After his extradition, he filed two petitions for writ of habeas corpus. In the petitions, the appellant contends that the trial court erred in changing his bail after he had filed his first petition, when his bail had originally been set at $10,000 for each count, for a total of $20,000. The record reflects that after the appellant filed the initial petition for writ of habeas corpus, *Page 1384 
the trial court increased his bail to "no bail."
As Judge Bowen stated in Sprinkle v. State, 368 So.2d 554
(Ala.Cr.App. 1978), writ quashed, 368 So.2d 565 (Ala. 1979):
 "In Alabama, an accused upon arrest and before conviction, is entitled to bail as an absolute right provided he has sufficient sureties. Bail may only be denied in capital offenses, when the proof is evident or the presumption great. Section 16, Constitution of Alabama 1901."
Sprinkle, 368 So.2d at 559. See also Shabazz v. State,440 So.2d 1200 (Ala.Cr.App. 1983); Ex parte Bynum, 294 Ala. 78,312 So.2d 52 (1975); Trammell v. State, 284 Ala. 31, 221 So.2d 390
(Ala. 1969). The "State is not without its remedies. . . . the trial judge can raise the amount of the . . . bond, require additional sureties, and add additional conditions as seem necessary." Shabazz, 440 So.2d at 1202.
Rule 2, Alabama Rules of Judicial Administration, lists a discretionary bail schedule for pretrial release of defendants. The following factors are to be considered by the trial court when setting bail:
 "1. The age, background and family circumstances of the defendant.
"2. Evidence of prior convictions.
 "3. Violence or lack of violence in the alleged commission of the offense.
 "4. The type of weapon used, e.g., knife, pistol, shotgun, sawed-off shotgun.
"5. Threats made against victims and/or witnesses.
 "6. The value of property taken during the alleged commission of the offense.
 "7. Whether the property allegedly taken was recovered or not; damage or lack of damage to property allegedly taken.
 "8. Residence of the defendant, including consideration of real property ownership.
 "9. In cases where defendant is charged with a drug offense, evidence of selling or pusher activity should indicate a substantial increase in the amount of bond.
 "10. Consideration of location of defendant's employment, e.g. whether employed in the county where the alleged offense occurred."
As we stated in Smith v. State, 435 So.2d 221 (Ala.Cr.App. 1983), "The Discretionary Bond Schedule as set forth in Rule 2, Alabama Rules of Judicial Administration . . . is . . . to be regarded only as a guide." Smith, 435 So.2d at 222. Because of the discretionary nature of Rule 2, A.R.Jud.Admin., we remand this cause to the Circuit Court for Jefferson County so that that court can make specific findings as to the reason for the denial of bail. Due return should be filed with this court within 14 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.