717 So.2d 868 (1998)
Ex parte Cordell COLBERT.
(In re STATE of Alabama
v.
Cordell COLBERT).
CR-97-836.
Court of Criminal Appeals of Alabama.
March 10, 1998.
On Application for Rehearing April 9, 1998.
Certiorari Denied June 19, 1998.
*869 Roger C. Appell, Birmingham, for petitioner.
Bill Pryor, atty. gen., and Stephanie N. Morman, asst. atty. gen., for respondent.
Alabama Supreme Court 1971287.
LONG, Presiding Judge.
The petitioner, Cordell Colbert, filed this petition for a writ of habeas corpus, asking us to direct the Honorable Don Hardeman, circuit judge for the Thirty-second Judicial Circuit, to set a bail in this case. The petitioner was arrested and was charged with robbery in the first degree, two counts of theft of property in the first degree, and receiving stolen property in the first degree. The petitioner was charged with driving the "getaway car" used in the commission of the offenses. The petitioner's bail was originally set at $1 million and was then reduced to $500,000 in the district court. A habeas corpus petition was filed in circuit court requesting that bail be reduced. A bail hearing was held before Judge Hardeman, and Judge Hardeman revoked the petitioner's bail. The petitioner then filed a petition for a writ of habeas corpus in this Court.
The State contends that this Court should not consider this petition because, it says, the petitioner has not availed himself of the proper remedy. Specifically, the State contends that the petitioner should have filed a direct appeal from the denial of the petition and should not have filed an original habeas corpus petition with this Court. The State cites Clay v. State, 561 So.2d 1116 (Ala.Cr. App.1990), to support its claim.[1]
In Clay this Court dismissed a habeas corpus petition that challenged a trial court's ruling on pretrial bail. (The case was ultimately dismissed by this Court on another ground.) Judge Bowen, writing for the Court, stated: "The proper method of reviewing *870 the denial of a petition for writ of habeas corpus is by appeal and not by original petition addressed to the appellate court." 561 So.2d at 1118. The Court cited several Alabama Supreme Court decisions for that proposition. See Price v. Holman, 279 Ala. 324, 184 So.2d 835 (1966); Banks v. State, 275 Ala. 504, 156 So.2d 364 (1963); Ex parte Ruffin, 275 Ala. 519, 156 So.2d 379 (1963); Wilson v. State, 275 Ala. 402, 155 So.2d 506 (1963); Ex parte Carmack, 275 Ala. 347, 155 So.2d 300 (1963); Ex parte Burton, 275 Ala. 345, 155 So.2d 298 (1963); Ex parte Smith, 275 Ala. 344, 155 So.2d 297 (1963); and Ex parte Lee, 275 Ala. 343, 155 So.2d 296 (1963).
The petitioners in every Alabama Supreme Court case cited above had been convicted and were incarcerated in a state penitentiary when the habeas corpus petitions were filed. Also, the petitioners were either attacking their sentence or their conviction. It appears that the petitions in these cases were either appeals from prison disciplinary actions or appeals from coram nobis (now Rule 32, Ala.R.Crim.P.) proceedings. No case involved a petitioner seeking review of the denial of pretrial bail.
Amendment No. 328, § 6.03(d), Alabama Constitution of 1901, confers upon this Court the jurisdiction to consider habeas corpus petitions as original petitions. This section states:
"The court of criminal appeals shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction. Said court shall have authority to issue writs of injunction, habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has exclusive appellate jurisdiction; to punish for contempts by the infliction of a fine as high as one hundred dollars, and imprisonment not exceeding ten days, one or both, and to exercise such other powers as may be given to said court by law."
See also § 12-3-11, Code of Alabama 1975.
The purpose of a habeas corpus petition is defined in Black's Law Dictionary 709 (6th ed.1990), as "to [seek] release from unlawful imprisonment." Indeed, attacking the denial of pretrial bail would be a futile exercise if a party was forced to file a direct appeal and await the result of the appellate process, rather than to obtain immediate relief by filing an original habeas corpus petition with this Court. In Ex parte Lee, 275 Ala. at 344, 155 So.2d 296, the Alabama Supreme Court stated, "[t]his court in the absence of unusual circumstances will not entertain an original petition for writ of habeas corpus." Certainly, a circuit court's denial of bail in a case where bail is constitutionally required is the "unusual circumstance" envisioned in Lee. We hold that this Court will entertain original petitions for a writ of habeas corpus arising out of a circuit court's denial of, or the setting of excessive, pretrial bail. To the extent Clay holds otherwise, it is hereby overruled.
We do not mean to suggest that this Court will entertain original habeas corpus petitions based on prison disciplinary actions. Review of these petitions will continue to be by direct appeal to this Court from the trial court's denial of the petition.
Here, the petitioner filed a habeas corpus petition in the trial court, the trial court denied that petition and revoked bail, and an original petition was filed with this Court. This petition is properly before this Court and will be reviewed on its merits. See Cooper.
This Court has stated:
"In Alabama, an accused upon arrest and before conviction, is entitled to bail as an absolute right provided he has sufficient sureties. Bail may only be denied in capital offenses, when the proof is evident or the presumption great."
Daniels v. State, 597 So.2d 1383, 1384 (Ala. Cr.App.), on remand, 597 So.2d 1384 (Ala.Cr. App.1991), quoting, Sprinkle v. State, 368 So.2d 554, 559 (Ala.Cr.App.1978), writ quashed, 368 So.2d 565 (Ala.1979). See also Trammell v. State, 284 Ala. 31, 221 So.2d 390 (Ala.1969) and Art. I, § 16, Alabama Constitution of 1901.
*871 Art. I, § 16, Alabama Constitution of 1901, provides that every person charged with a noncapital offense has the constitutional right to pretrial bail. However, the amount of bail is discretionary, to be set by the court. Rule 7.2(b), Ala.R.Crim.P., contains a schedule of recommended ranges of bail to serve as a general guide for courts in setting bail. The recommended range of bail for a Class A felony, such as robbery in the first degree, is $3,000 to $30,000; for Class B felonies, such as theft of property in the first degree and receiving stolen property in the first degree, the range is $2,000 to $20,000. See Rule 7.2(b), Ala.R.Crim.P.
Furthermore, the following factors enumerated in Rule 7.2(a), Ala.R.Crim.P., may be taken into account in setting bail at a greater amount then that recommended by the bail schedule.
"(1) The age, background and family ties, relationships and circumstances of the defendant.
"(2) The defendant's reputation, character, and health.
"(3) The defendant's prior criminal record, including prior releases on recognizance or on secured appearance bonds, and other pending cases.
"(4) The identity of responsible members of the community who will vouch for the defendant's reliability.
"(5) Violence or lack of violence in the alleged commission of the offense.
"(6) The nature of the offense charged, the apparent probability of conviction, and the likely sentence, insofar as these factors are relevant to the risk of nonappearance.
"(7) The type of weapon used, e.g., knife, pistol, shotgun, sawed-off shotgun.
"(8) Threats made against victims and/or witnesses.
"(9) The value of property taken during the alleged commission of the offense.
"(10) Whether the property allegedly taken was recovered or not; damage or lack of damage to property allegedly taken.
"(11) Residence of the defendant, including consideration of real property ownership, and length of residence in his or her place of domicile.
"(12) In cases where the defendant is charged with a drug offense, evidence of selling or pusher activity should indicate a substantial increase in the amount of bond.
"(13) Consideration of the defendant's employment status and history, the location of defendant's employment, e.g., whether employed in the county where the alleged offense occurred, and the defendant's financial condition.
"(14) Any enhancement statutes related to the charged offense."
Another method of calculating pretrial bail was approved in Wade v. State, 42 Ala.App. 400, 166 So.2d 739 (1964), and referred to recently in Brown v. State, 615 So.2d 1306 (Ala.Cr.App.1993). This method, called the "rough rule of thumb," provides that bail be calculated at a rate of $1,000 per year of the maximum potential sentence. Wade. Here, the appellant faces up to life imprisonment or 99 years for conviction of a Class A felony and up to 20 years' imprisonment for each conviction of a Class B felony. If the appellant is convicted of all counts and is sentenced to consecutive maximum sentences, then he faces a potential prison sentence of 159 years. The "rough rule of thumb" calculation would provide for bail in the amount of $159,000.
We recognize that the trial court in this case expressed concerns about the petitioner's being released from custody. The trial court, when revoking bail stated:
"I find that under these circumstances... [the petitioner] is a hazard to the community, and I deny any bond at all. The reason being is that, as I understand it, he was under a charge of murder until March of this year, last year, and within a matter of a few months after being released from that charge he is involved in an armed bank robbery and has a weapon on his person. Given the nature of this charge and the possible sentence, and considering the likelihood of conviction in this case, I find that he would be a threat to flee, and further that he could possibly use violence in that attempt.

*872 "So your writ of habeas corpus is denied. The motion to reduce bond is denied, and the bond is withdrawn on this defendant."
The trial court is not without a solution to its perceived problem. As this Court stated in Daniels, 597 So.2d at 1384, quoting Shabazz v. State, 440 So.2d 1200, 1202 (Ala.Cr. App.1983): "The `State is not without its remedies.... [T]he trial judge can raise the amount of the ... bond, require additional sureties, and add additional conditions as seem necessary.'"
Because the petitioner is entitled to bail in this case, we direct the Cullman County Circuit Court to set bail. See Rule 7.2, Ala. R.Crim.P.
PETITION GRANTED.
All the Judges concur.

On Application for Rehearing
LONG, Presiding Judge.
The petitioner, Cordell Colbert, filed this petition for a writ of habeas corpus, asking us to direct the Honorable Don Hardeman, circuit judge for the Thirty-second Judicial Circuit, to set bail in this case. The petitioner was arrested and was charged with robbery in the first degree, two counts of theft of property in the first degree, and receiving stolen property in the first degree. On March 10, 1998, we directed Judge Hardeman to set a reasonable bail. Ex parte Colbert, 717 So.2d 868 (Ala.Cr.App.1998).
The State applied for rehearing, contending that this Court erred in not following the Alabama Supreme Court's holding in Ex parte Bynum, 294 Ala. 78, 312 So.2d 52 (1975). The Alabama Supreme Court in Bynum was faced with deciding the effect of Article I, § 16,[1] Alabama Constitution of 1901, after the United States Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), declared then existing death penalty laws unconstitutional. The Court stated:
"Although this is a case of first impression in Alabama, other jurisdictions have been faced with this question. The majority of these courts have held that offenses which were classified as capital before Furman are still capital, thereby allowing bail to be constitutionally denied for those offenses so classified. People ex rel. Dunbar v. District Court, [179 Colo. 304, ]500 P.2d 358 (1972); Wayans v. Wolfe, 30 Conn. Supp. 60, 300 A.2d 44 (1972); State v. Flood, 263 La. 700, 269 So.2d 212 (1972); Blackwell v. Sessums, 284 So.2d 38 (Miss. 1973); Hudson v. McAdory, 268 So.2d 916 (Miss.1972); Jones v. Sheriff, Washoe County,[ 89 Nev. 175,] 509 P.2d 824 (1973); In re Kennedy, 512 P.2d 201 (Okl.Cr.1973); Roll v. Larson, 30 Utah 2d 271, 516 P.2d 1392 (1973); State v. Haga, 81 Wash.2d 704, 504 P.2d 787 (1972).
"The rationale of these decisions indicates that the gravity of the offense is the distinguishing feature and not the penalty which may be imposed. Following this interpretation, certain crimes for purposes of bail are still classified as capital regardless of whether the death penalty may be invoked."
Bynum, 294 Ala. at 81, 312 So.2d at 54-55. The Court of Criminal Appeals, in that opinion, denied Bynum's habeas corpus petition requesting that pretrial bail be set. Ex parte Bynum, 294 Ala. 78, 312 So.2d 52 (1975). However, the Supreme Court granted the habeas petition and held that Bynum was entitled to a bail of $100,000. 312 So.2d at 56.
The State contends that because prior to Furman v. Georgia, robbery was a capital offense, bail for robbery may be constitutionally denied, without violating the accused's constitutional right. The State's reliance on Bynum is misplaced. When Bynum was decided, the offense Bynum was convicted of was defined as a capital offense.[2] It is clear *873 from the opinion in Bynum that the Supreme Court was concerned about the gravity of the offense and not the sentence that could be imposed. Moreover, as the Supreme Court stated in Bynum, "The only effect of Furman was to eliminate the imposition of the death penalty as it was then enforced, and not to eliminate the classification whereby crimes are categorized as capital for purposes of punishment." 312 So.2d at 55. The Alabama Legislature has classified certain murders as capital in § 13A-5-40. This section does not define robbery (where no murder has occurred) as a capital offense. A capital offense is defined in § 13A-5-39(1) as "[a]n offense for which a defendant shall be punished by a sentence of death or life imprisonment without parole according to the provisions of this article." Art. I, § 16, Alabama Constitution of 1901, states that bail must be granted in every case except "capital offenses, when the proof is evident or the presumption great." We must conclude that bail must be allowed in every case not currently defined as capital by the Criminal Code.
Most importantly, the State fails to consider the effect of the adoption of Rule 7.2, Ala.R.Crim.P., on the holding in Bynum, as the State perceives that holding. Rule 7.2 is a rule of procedure approved and adopted by the Alabama Supreme Court. Amend. No. 328, § 6.11, Alabama Constitution of 1901, and section 12-2-7(4), Ala.Code 1975, authorize the Supreme Court "[t]o make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts." The Committee Comments to Rule 1.1, Ala.R.Crim.P., state:
"These rules are promulgated by the Supreme Court of Alabama pursuant to its rule-making power, Section 6.11 of the Judicial Article (Amendment 328 to the Alabama Constitution of 1901), and are intended to make uniform the practice and procedure for the conduct of criminal proceedings in all Alabama courts...."
Rule 7.2, Ala.R.Crim.P., includes a bail schedule, which provides the following recommended ranges of bail for felonies:

"Capital felony $10,000 to No Bail Allowed
"Murder $5,000 to $50,000
"Class A felony $3,000 to $30,000
"Class B felony $2,000 to $20,000
"Class C felony $1,000 to $10,000
"Drug Trafficking $3,000 to $1,000,000"

No provision in the rules or the schedule suggests that Class A felonies, which were capital offenses punishable by death prior to Furman, should still be treated as capital felonies for purposes of determining bail. For instance, the category "Class A felony" does not specifically exclude robbery offenses from its recommended range of bail. Furthermore, the Committee Comments to Amendment to Rule 7.2 Effective April 1, 1995, state: "The `capital felony' category is intended to cover those offenses provided in Article 2 of Chapter 5 of Title 13A, Code of Alabama 1975 ..., and amendments thereto." (Emphasis added.) As stated above, Title 13A of the Alabama Criminal Code, does not define robbery (where no murder has occurred) as a capital offense. Section 13A-5-40.
The petitioner, who was charged with robbery, was entitled to pretrial bail. (This Court has previously held that pretrial bail is constitutionally required for persons charged with robbery. See Ex parte Jackson, 687 So.2d 222 (Ala.Cr.App.1996); Brown v. State, 615 So.2d 1306 (Ala.Cr.App.1993); Daniels v. State, 597 So.2d 1383 (Ala.Cr.App.), on remand, 597 So.2d 1384 (Ala.Cr.App.1991)).
APPLICATION OVERRULED; RULE 39(k) MOTION DENIED.
McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.
NOTES
[1] Clay and the cases it relies on all predate the Alabama Rules of Criminal Procedure, which were effective January 1, 1991.
[1] Article I, § 16, Alabama Constitution of 1901, states: "That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required."
[2] Bynum was charged in 1974 with violating Tit. 14, § 123, Code of Alabama 1940 (Recomp.1958) which provided in part: "Any person who willfully sets off ... any ... explosive in, under or dangerously near to ... any inhabited dwelling house ... shall on conviction be punished at the discretion of the jury by death or by imprisonment in the penitentiary for not less than ten years."