Christopher Colbert, a defendant in a criminal case, petitions this Court for a writ of habeas corpus, directing the Jefferson Circuit Court to set bail in his case. Colbert was charged with attempted murder and robbery in the first degree. Both charges are noncapital offenses. Based on a finding that Colbert has a history of violence, the court denied bail. Colbert then petitioned the circuit court for a writ of habeas corpus. After the circuit court denied the writ, Colbert petitioned the Court of Criminal Appeals for a writ of habeas corpus. The Court of Criminal Appeals, on February 28, 2001, denied the writ "based on the trial court's finding that Colbert presented a danger to the community."Ex parte Colbert, (No. CR-00-0969), ___ So.2d ___ (Ala.Crim.App. 2001) (table). A petition for habeas corpus is the proper remedy in a case such as this; the petition in this case is properly before this Court. See Exparte Cordell Colbert, 717 So.2d 868 (Ala.Crim.App. 1998).
Article I, § 16, Alabama Constitution of 1901, provides: "That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required." This Court has interpreted § 16 as providing an absolute right to bail in all noncapital cases. State v. Blake, 642 So.2d 959, 968 (Ala. 1994). Seealso Ala. Code 1975, § 15-13-2; Brown v. State, 615 So.2d 1306
(Ala.Crim.App. 1993); and Ex parte Jackson, 687 So.2d 222 (Ala.Crim.App. 1996).
In Ex parte Jackson, the Court of Criminal Appeals, quoting Rule 7.2(a), Ala.R.Crim.P., noted:
 "`Any defendant charged with an offense bailable as a matter of right may be released pending or during trial on his or her personal recognizance or on an appearance bond unless the court or magistrate determines that such a release will not reasonably assure the defendant's appearance as required, or that the defendant's being at large will pose a real and present danger to others or to the public at large. If such a determination is made, the court may impose the least onerous condition or conditions contained in Rule 7.3(b) that will reasonably assure the defendant's appearance or that will eliminate or minimize the risk of harm to others or to the public at large.
"`. . . .
 "The setting of bail is discretionary; however, by constitutional provision, everyone charged with a noncapital offense has the right to bail."
687 So.2d at 223-24.
The Court of Criminal Appeals addressed a substantially similar situation in *Page 689 Ex parte Colbert, supra. In that case, the defendant Cordell Colbert was charged with "robbery in the first degree, two counts of theft of property in the first degree, and receiving stolen property in the first degree," all noncapital offenses. 717 So.2d at 869. The trial court denied bail. The Court of Criminal Appeals noted:
 "We recognize that the trial court in this case expressed concerns about the petitioner's being released from custody. The trial court, when revoking bail[,] stated:
 "`I find that under these circumstances . . . [the petitioner] is a hazard to the community, and I deny any bond at all. The reason being is that, as I understand it, he was under a charge of murder until March of this year, last year, and within a matter of a few months after being released from that charge he is involved in an armed bank robbery and has a weapon on his person. Given the nature of this charge and the possible sentence, and considering the likelihood of conviction in this case, I find that he would be a threat to flee, and further that he could possibly use violence in that attempt.
 "`So your writ of habeas corpus is denied. The motion to reduce bond is denied, and the bond is withdrawn on this defendant.'
 "The trial court is not without a solution to its perceived problem. As this Court stated in Daniels [v. State], 597 So.2d [1383] at 1384 [(Ala.Crim.App. 1991)], quoting Shabazz v. State, 440 So.2d 1200, 1202
(Ala.Cr.App. 1983): `The "State is not without its remedies. . . . [T]he trial judge can raise the amount of the . . . bond, require additional sureties, and add additional conditions as seem necessary."'"
717 So.2d at 871-72.
Furthermore, in the instant case, the State notes:
 "[B]ased on Art. 1, § 16, Constitution of Alabama 1901, and the Court of Criminal Appeals' holding that a defendant charged with a noncapital offense has an absolute pretrial right to bail, and in the light of the trial court's implicit finding that Colbert poses a real and present danger to others, the State respectfully requests that this matter be remanded to the Jefferson County Circuit Court for that court to set bail, and impose conditions of release pursuant to Rule 7.3, Ala.R.Crim.P., that will eliminate or minimize the risk of harm Colbert poses to others or to the public at large."
Response to Petition for Writ of Habeas Corpus, p. 8. (Emphasis supplied.)
Colbert's right to relief is clear and undisputed. Therefore, we direct the Jefferson Circuit Court to set bail. See Rule 7.2, Ala.R.Crim.P.
PETITION GRANTED; WRIT ISSUED.
Moore, C.J., and Houston, See, Lyons, Brown, Johnstone, Harwood, and Stuart, JJ., concur.