Earnest Stokes filed this petition for a writ of habeas corpus challenging the Bibb Circuit Court's order of May 23, 2007, increasing the amount of Stokes's appearance bond and imposing additional conditions upon his release. We grant the petition in part and deny it in part.
On September 20, 2005, Syble Stokes was shot and killed. On March 31, 2006, Earnest Stokes ("Stokes"), Syble's husband, was arrested and charged, under § 13A-6-2(a)(1), Ala. Code 1975, with her murder. The district court of Bibb County initially set the amount of Stokes's appearance bond at $2,000,000. With the State's consent, the district court reduced the amount of the bond to $1,000,000. Stokes filed a motion to further reduce that bond, and the district court held a hearing on April 18, 2006, after which it entered the following order:
 "This cause coming before this court April 18, 2006, for a hearing on [Stokes's] motion to reduce bond, and after testimony taken ore tenus, it is ORDERED:
 "[Stokes] shall be released from Bibb County Jail upon completion of each of the following:
 "1. A secured appearance bond executed by [Stokes] and sufficient additional personal or corporate sureties to total SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,-000.00), and execution of a valid homestead waiver by all individuals and spouses of any individuals pledging any homestead. Execution by any single corporate surety will increase the amount of security pledged by $20,000.00.
 "2. [Stokes] shall surrender to this Court any currently valid license allowing him to operate an aircraft.
 "3. This court will review all bonds and will determine the sufficiency thereof.
 "4. In addition to the above, all mandatory conditions of release on bond apply. Specifically,
 "a. [Stokes] must appear to answer and to submit to the orders and process of the court having jurisdiction of the case.
 "b. [Stokes] must refrain from committing any criminal offense.
 "c. [Stokes] shall not depart from the state of Alabama without leave of court.
 "d. [Stokes] must promptly notify the court of any change of address.
 "The provisions of this release order may be revoked or modified by the court for cause. This release order and any appearance bond executed in compliance with it will continue in force and effect until dismiss[al], acquittal or conviction of [Stokes] of the charges, unless sooner revoked or modified by the court. Upon report of a violation of any one of the above conditions, a warrant for [Stokes's] arrest will be issued, both in this case and for the additional charge of failure to appear."
A secured appearance bond was executed in the amount of $750,000; the district *Page 854 
court determined that the bond was sufficient, and Stokes was released from the Bibb County jail.
On February 15, 2007, Stokes was indicted for the murder of his wife. On that same date, the Bibb Circuit Court set Stokes's bail at $750,000, the amount previously set by the district court. Thus, upon his indictment, Stokes was not taken into custody.
In March 2007, two of the persons who had pledged their real property to secure Stokes's appearance bond were allowed to withdraw as sureties, and Stokes was rearrested. See § 15-13-117, Ala. Code 1975 ("The sureties of bail may, at any time before a conditional forfeiture is entered against them, exonerate themselves by surrendering the defendant to the jail. . . ."). See also Rule 7.6(c), Ala. R.Crim. P. ("At any time, a surety may surrender to the sheriff a defendant released, and the sheriff shall certify such surrender to the court."). On March 28, 2007, the State filed a motion seeking the revocation of Stokes's bond and requesting that the circuit court hold a hearing to review the sufficiency of the bond.
On April 26, 2007, the Bibb Circuit Court held a hearing as requested by the State. The only witnesses were the two persons who had been allowed to withdraw as sureties on Stokes's appearance bond.[1] On May 23, 2007, the Bibb Circuit Court entered the following order, increasing the amount of the appearance bond and imposing additional conditions upon Stokes's release:
 "The Court having considered the nature of the offense, the probability of conviction, and the likely sentence in this matter, finds these factors to be relevant to the risk of non-appearance.
 The Court also considered the weapon used in the commission of the crime, together with other relevant facts in this case.
 "Upon consideration of the above, it is ORDERED, ADJUDGED AND DECREED as follows, viz:
 "1. That Bond in this matter be established at ONE MILLION TWO HUNDRED FIFTY THOUSAND DOLLARS ($1,250,000.00);
 "2. That the Sheriff of Bibb County, Alabama, shall determine the sufficiency of any property located in this state and offered as security by any surety;
 "3. Upon release, [Stokes's] location shall be monitored by an electronic device attached to [Stokes's] body which shall be worn at all times. This monitoring device shall be provided at the expense of [Stokes] by a company approved by this Court;
 "4. [Stokes] shall upon release, deposit with the Circuit Clerk of Bibb County, Alabama, any Passport or Visa or any license issued for the operation of any aircraft, either owned by [Stokes] or in which [Stokes] has any ownership interest;
 "5. [Stokes] shall be restricted in his travels, and shall be prohibited from leaving Bibb County, Alabama, without the written approval of the Court, except to travel across the county line for work;
 "6. [Stokes] is ORDERED to provide to the Circuit Clerk of Bibb County, Alabama, a work schedule verifying employment and hours of work; *Page 855 
 "7. [Stokes] shall be confined to his residence from 8:00 p.m. each night until 5:30 a.m. the following day;
 "8. [Stokes] shall report one time per week to the Bibb County Probation Office, and shall submit to random drug and alcohol screening."
Stokes filed a motion for reconsideration of the May 23 order, which the circuit court denied.
Stokes sought review of the circuit court's May 23, 2007, order by filing a petition for the writ of habeas corpus in the Court of Criminal Appeals. On September 19, 2007, the Court of Criminal Appeals denied the petition, without an opinion.Ex parte Stokes (No. CR-06-1731)___ So.2d ___ (Ala.Crim.App. 2007) (table). On October 3, 2007, Stokes sought de novo review of the decision of the Court of Criminal Appeals by filing his petition for the writ of habeas corpus in this Court. See Rule 21(e)(1), Ala. R.App. P.
Stokes seeks an order from this Court directing the circuit court to vacate its May 23, 2007, order increasing the amount of Stokes's appearance bond and imposing additional conditions on his release. According to the State, that order was the proper result of a review required by § 15-13-26, Ala. Code 1975. However, as we will explain, § 15-13-26 did not authorize the circuit court to increase the amount of the appearance bond or to impose additional conditions upon Stokes's release.
Sections 15-13-20 through -26, Ala. Code 1975, deal with "the undertaking of bail" by a defendant and the defendant's sureties. In this context, the "undertaking of bail" is the bail bond itself. See Black's Law Dictionary 1562 (8th ed. 2004) (defining "undertaking," in relevant part, as "[a] bail bond"). Specifically, § 15-13-26 provides that "[t]he court before which any defendant is bound to appear may require him to enter into a new undertaking [of bail] when it appears to the court that the original undertaking [of bail] was insufficient when entered into or has since become insufficient from any cause whatever." When two of the persons who had pledged their real property to secure Stokes's appearance bond were allowed to withdraw as sureties, the secured appearance bond, "the undertaking of bail," became insufficient. Consequently, Stokes was rearrested. Under § 15-13-26, it is clear, as Stokes admits, that the circuit court was entitled to condition his release upon a new, and sufficient, bail bond by Stokes and adequate sureties. However, the terms of § 15-13-26 do not contemplate an increase of the amount previously prescribed by the court or the imposition of additional conditions of release. See also § 15-13-119, Ala. Code 1975 (upon the exoneration of sureties, "[i]f there is no warrant of arrest pending for the defendant's arrest, then the original approving officer may discharge the defendant on his or her giving new bail in the same amount
"(emphasis added); Rule 7.6(c) (after surrender of the defendant by a surety, "[t]he defendant may then obtain other suretiesunder the same conditions of release "(emphasis added). Consequently, we grant Stokes's petition in part, and direct the circuit court to vacate its order of May 23, 2007.
Although Stokes earlier posted a secured appearance bond in the amount of $750,000, he now contends that "the $750,000 is, in itself, excessive." Petition for writ of habeas corpus, at 2. Consequently, he seeks an order from this Court directing the circuit court "to set [his] bond within the statutory and common-law guidelines." Id. However, we pretermit discussion of the merits of this claim and deny the relief Stokes seeks. *Page 856 
A petition for a writ of habeas corpus is the proper vehicle by which to challenge the setting of allegedly excessive bail.Ex parte Colbert, 717 So.2d 868, 870
(Ala.Crim.App. 1998). However, such a petition must be filed within a reasonable time. See Rule 21(a)(3) and (c), Ala. R.App. P. As Stokes admits, he did not object to the bond amount of $750,000 until after his bond was increased to $1,250,000. His claim that the $750,000 bond amount is excessive comes too late, and we will not consider it.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
COBB, C.J., and SEE, LYONS, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
STUART, J., concurs in the result.
[1] Neither witness offered any testimony regarding whether Stokes was likely to fail to appear in court.