166 So.2d 739

**Elbert L. WADE**

**v.**

**STATE.**

**6 Div. 53.**

Court of Appeals of Alabama.

July 28, 1964.

Matt H. Murphy, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., for the State.

CATES, Judge.

This appeal is from an order and judgment of the lower court in a proceeding of habeas corpus, wherein it is contended that excessive bail was fixed and required by the circuit judge. Constitution 1901, § 16, prescribes non-excessive bail:

"Sec. 16. That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required."

There are three cases in this consolidated proceeding in which the appellant's counsel contends bail is excessive. Each of these is under an indictment of second degree burglary with a companion count of grand larceny. The circuit court has fixed his bond in the amount of $25,000.00 in each of the three indictments of instant concern.

■ Because of pendency of trial, we omit discussing the evidence. Holman v. Williams, 256 Ala. 157, 53 So.2d 751.

■ If the same transaction supports both grand larceny and burglary, on conviction there can be but one punishment. Code 1940, T. 15, § 287; Lawson v. State, 33 Ala.App. 333, 33 So.2d 405; Wildman v. State, 165 So.2d 396.[1] Whether this rule is served by a single sentence or concurrent sentences is a matter confided to the trial judge's discretion.

We understand each indictment to be based on but one transaction. Hence, the maximum penalty for conviction under each indictment would involve ten years imprisonment.

■ There is a rough rule of thumb that bail for residents be fixed at a maximum of $1,000.00 for each year of potential imprisonment. However, the appellant left the State and did not appear on a call of the criminal docket in Birmingham. He later returned claiming he had been advised, among other things, to go into a hospital in Houston, Texas.

■ Having considered the whole record, we are of the opinion that appellant should furnish a bail bond with good and sufficient sureties as the law provides and requires, and that such bond be executed in the

sum of Twelve Thousand Five Hundred Dollars ($12,500.00) on each of the aforesaid indictments pending for burglary and grand larceny. The order and judgment of the lower court is hereby modified to the extent stated.

Modified and affirmed.

JOHNSON, J., considers $15,000.00 in each case would not have been excessive.

