The record indicates that the appellant was charged with five counts of robbery in the first degree, two counts of rape in the first degree, and one count of sodomy in the first degree. Bond was set by the trial court at $75,000 on each count. The appellant filed a motion to reduce bond and after a hearing, the appellant's motion was denied. The appellant appeals that denial.
The appellant argues that his bail was excessive, in violation of theEighth Amendment to the United States Constitution and of Article 1, § 16 of the AlabamaConstitution. The appellant further argues that, by setting his total bail at approximately $600,000, the trial court effectively denied his right to bail. In his motion for bail reduction, the appellant argues that the initial bond of approximately $600,000 was excessive under the "rough rule of thumb" enunciated in Wade v. State, 42 Ala. App. 400,166 So.2d 739 (1964), which says that a proper bail amount be calculated *Page 1307 
at a rate of $1,000 per year of the maximum potential sentence. The appellant argues that because the average black male lives to be 68.4 years, his bail amount should have been $60,000. However, as the State argued in its brief, because the crimes with which the appellant was charged — i.e., robbery in the first degree, rape in the first degree, and sodomy in the first degree — are all Class A felonies, and the maximum sentence for Class A felonies is life or 99 years, see § 13A-5-6, Codeof Alabama 1975, bail could have been set at $99,000 on each count, rather than $75,000 as set by the lower court.
The appellant argues that because he has no prior record and because he voluntarily surrendered himself to the police, and in light of a number of character references submitted with his motion, his bail should be reduced. At the hearing on the motion, the prosecutor stated as follows:
 "And I would take issue with the statement by [defense counsel] that the State of Alabama, and in particular, Jefferson County do [not] have reason to be concerned about the safety of the community based on the circumstances of these cases, armed robbery of a number of victims, and sexual offenses against two of those victims in the presence of one of the victim's young children.
 "All these charges did arise from the same incident. I don't have any record of any prior felony convictions. Of course, the defendant is, I believe, 19 years old — 18 years old at the time, not quite 19 years old. But I don't have any prior felony convictions. It did arise from the same incident; however, the type of the case suggests that very egregious circumstances [sic]. And we feel that he would pose a risk to the community."
The judge at the hearing then asked if testimony and evidence had been presented to the judge who had originally set the bail, and he was assured that it had been. Thereafter, the court denied the motion requesting a reduction of bail.
After arrest and before conviction, an accused has an absolute right to bail in Alabama, provided he can provide sufficient sureties. This right may be denied only where the accused is charged with a capital offense and the proof is evident or the presumption of guilt great. Sprinkle v. State,368 So.2d 554, 559 (Ala.Cr.App. 1978), writ quashed,368 So.2d 565 (Ala. 1979); § 16, Constitution of Alabama 1901.
 "Rule 2, Alabama Rules of Judicial Administration, lists a discretionary bail schedule for pretrial release of defendants. The following factors are to be considered by the trial court when setting bail:
 " '1. The age, background and family circumstances of the defendant.
" '2. Evidence of prior convictions.
 " '3. Violence or lack of violence in the alleged commission of the offense.
 " '4. The type of weapon used, e.g., knife, pistol, shotgun, sawed-off shotgun.
 " '5. Threats made against victims and/or witnesses.
 " '6. The value of property taken during the alleged commission of the offense.
 " '7. Whether the property allegedly taken was recovered or not; damage or lack of damage to the property allegedly taken.
 " '8. Residence of the defendant, including consideration of real property ownership.
 " '9. In cases where the defendant is charged with a drug offense, evidence of selling or pusher activity should indicate a substantial increase in the amount of bond.
 " '10. Consideration of location of defendant's employment, e.g. whether employed in the county where the alleged offense occurred.' "
Daniels v. State, 597 So.2d 1383, 1384 (Ala.Cr.App. 1991).
In the present case, the appellant was not denied bail, nor was his bail as high as it could have been had the "rule of thumb" established in Wade v. State, supra, been followed. The record is not complete *Page 1308 
with reference to the trial court's consideration of each factor set out by Rule 2, A.R.Jud.Adm. Although the appellant appears to have no prior convictions and was 18 at the time of the offense, he is charged with having committed armed robbery, with raping two victims in front of one of the victim's young children, and with sodomizing one of the victims. All of these charges clearly involve violence. The State argues that the evidence against the appellant is strong, because, it says, there is eyewitness testimony linking him to the offense. The discretionary bail schedule set out in Rule 2, A.R.Jud.Adm., recommends bail ranging from $1,000 to $10,000 for a Class A felony. Although the amount of bail was set at a figure that greatly exceeded the amount recommended by Rule 2, A.R.Jud.Adm., these recommendations are discretionary and are to serve only as guidelines. Smith v. State, 435 So.2d 221, 222
(Ala.Cr.App. 1983). None of the evidence presented to the judge who originally set bail is included in the record, and this court will not find error in a silent record. Robinson v.State, 444 So.2d 884 (Ala. 1983). See also Montgomery v. State,504 So.2d 370 (Ala.Cr.App. 1987). (It is the appellant's duty to make a complete record on appeal.) We are unable to conclude that the trial court abused its discretion in denying the appellant's motion for a reduction in bail.
AFFIRMED.
All Judges concur.
BOWEN, P.J., concurs specially with opinion.