TAYLOR, Judge.
The appellant, Warren Adams, appeals the denial of his petition for a writ of habeas corpus, alleging that his bond was excessive and therefore violated the United States Constitution. The trial court denied the petition; this appeal followed.
The appellant was arrested and charged with shooting into an unoccupied vehicle, a violation of § 13A-11-61, Code of Alabama 1975. The court originally set the appellant’s bond at $100,000. After a motion for reduction of bond was filed, the court reduced the bond to $50,000. The appellant then filed a petition for a writ of habeas corpus, seeking to have his bond further reduced. The appellant maintained in his petition that the $50,000 bond was excessive because, he argued, the offense for which he was charged is a Class C felony and $50,000 is beyond the amount provided in Rule 2, Ala.R.Jud.Adm. The court did not err in denying the petition.
The court set the appellant’s bond at $50,000 after stating in the record that the offense for which the appellant was arrested was committed while the appellant was released on bail in two other cases. The court, in denying the petition, cited Shabazz v. State, 440 So.2d 1200 (Ala.Cr.App.1983), as authority for its denial. This court in Sha-bazz found that an accused’s commission of a felony while on bail results in a “[f]orfeit[ure] *363 [of] his constitutional right to bail-” 440 So.2d at 1202.
Furthermore, the fee schedule set out in Rule 2, Ala.R.Jud.Adm. for the pretrial release of defendants is a discretionary bail schedule, and the amount of bail is arrived at after considering the following factors:
“1. The age, background and family circumstances of the defendant.
“2. Evidence of prior convictions.
“3. Violence or lack of violence in the alleged commission of the offense.
“4. The type of weapon used, e.g., knife, pistol, shotgun, sawed-off shotgun.
“5. Threats made against victims and/or witnesses.
“6. The value of property taken during the alleged commission of the offense.
“7. Whether the property allegedly taken was recovered or not; damage or lack of damage to property allegedly taken.
“8. Residence of the defendant, including consideration of real property ownership.
“9. In cases where defendant is charged with a drug offense, evidence of selling or pusher activity should indicate a substantial increase in the amount of bond.
“10. Consideration of location of defendant’s employment, e.g., whether employed in the county where the alleged offense occurred.”
The record supports the court’s action in setting the appellant’s bail at $50,000. The trial court committed no error in denying appellant’s petition for a writ of habeas corpus.
AFFIRMED.
All the Judges concur.