PATTERSON, Judge.
The appellant, David Glenn Smith, appeals from the Montgomery County Circuit Court’s judgment dismissing his petition, which was styled “Petition for the Writ of Mandamus” and in which he sought a directive to the Alabama Department of Corrections to give him credit for time served while incarcerated. This petition was originally filed in the Montgomery County Circuit Court and was treated by that court as a petition for a writ of habeas corpus. It was therefore transferred to the Barbour County Circuit Court because at the time the petition was filed Smith was incarcerated in the Easterling Correctional Facility in Clio, Alabama; Ala. Code 1975, § 15-21-6, requires that a habeas corpus petition be addressed to the circuit court nearest the inmate’s place of incarceration. However, the Barbour County prosecutor moved to transfer the case back to Montgomery County, stating “[t]hat the Circuit Court of Barbour County is not the proper forum to hear the issues raised in this Petition as the issues complained of pertain to a conviction in the Montgomery County, Alabama Circuit Court.” The Barbour County Circuit Court treated the petition as *832 a Rule 32, Ala.R.Crim.P., petition and transferred it back to the Montgomery County Circuit Court, which dismissed the petition.
Upon the record filed, we must dismiss this appeal. The Montgomery County Circuit Court had no jurisdiction to render its judgment in this case. Assuming that the present petition was in fact a petition for writ of habeas corpus, the circuit court nearest the place of Smith’s incarceration had jurisdiction.[1] That court was the Barbour County Circuit Court. (Smith is now incarcerated in Jefferson County.)
Accordingly, the appeal is dismissed.
APPEAL DISMISSED.
All Judges concur.

. We note that the Montgomery County Circuit Court would not have had jurisdiction to entertain a Rule 32 petition had the allegations of the present petition presented Rule 32 issues. Smith’s sentences, under which he is presently incarcerated, appear from this record to have been rendered by the Jefferson County Circuit Court, not the Montgomery County Circuit Court. Moreover, we have taken judicial notice of the record filed in this court in Smith v. State, (CR-94-1321, August 18, 1995, affirmed without opinion) - So.2d - (Ala.Cr.App.1995) (table), which was Smith's appeal of the Jefferson County Circuit Court’s denial of his Rule 32 petition attacking his conviction in case no. CC-86-1586.
The only allegation that could conceivably be related to the assertions of the present petition and that would be cognizable in a Rule 32 petition is the allegation that the record of any of the Jefferson County Circuit Court trial proceedings erroneously reflects that Smith’s sentences as a result of those proceedings are to be served consecutively.