ON RETURN TO REMAND
The petitioner, Renard Pruitt, filed a petition for a writ of habeas corpus against the Honorable J. Richmond Pearson when the judge refused to reinstate the $25,000 bond set at his preliminary hearing and instead raised his bond to $200,000. On April 6, 1995, we denied the petition without opinion. The petitioner then petitioned the Alabama Supreme Court. The Alabama Supreme Court, by order issued May 3, 1995, ordered us to remand the case to the circuit court so that an evidentiary hearing could be held. We remanded the case and it is now in this court on return to remand after the evidentiary hearing was held in circuit court.
The appellant was charged with killing a two-year-old child, an offense made capital by § 13A-5-40(a)(15), Code of Alabama 1975. Judge Pearson raised the appellant's bond to *Page 836 
$200,000, stating that he did not believe that the bond in the amount of $25,000 was sufficient. The court further held that a $200,000 bond in a capital case was not excessive. In this case, we agree.
The bond set by Judge Pearson is authorized by the Alabama Constitution and by Rule 7.2, Ala.R.Crim.P. Art. I, § 16, Alabama Constitution of 1901, states:
 "That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required."
(Emphasis supplied.) The recommended amount in setting bail for a capital offense ranges from $10,000 to "no bail allowed." Rule 7.2(b), Ala.R.Crim.P., "Bail Schedule."
In consideration of the rule that in a capital case the accused does not have a right to bail, we will not say that the bail in this case was excessive. The petition for the writ of habeas corpus is due to be denied.
PETITION DENIED.
All the Judges concur.