AFTER REMAND FROM THE ALABAMA SUPREME COURT
The petitioner, Renard Pruitt, filed a petition for a writ of habeas corpus against the Honorable J. Richmond Pearson when the court refused to reinstate the $25,000 bond set at his preliminary hearing and raised the amount of his bond to $200,000. We denied the petition. Pruitt then petitioned to the Alabama Supreme Court. On May 3, 1995, the Alabama Supreme Court ordered us to remand the case to the circuit court so that an evidentiary hearing could be held. We remanded the case, and the trial court held a hearing and refused to reinstate the original amount of bond. We affirmed the denial of the petition on remand. State v. Pruitt, 673 So.2d 835
(Ala.Cr.App. 1995). On November 29, 1995, the Alabama Supreme Court ordered us to remand the case to the Circuit Court for Jefferson County so that that court could make specific written findings as to why it raised the petitioner's bail to $200,000.[1]
Pursuant to the order issued by the Alabama Supreme Court this case is remanded to the Circuit Court for Jefferson County and that court is directed to make specific written findings explaining why it raised the petitioner's bail. It is further directed to file those findings in this court no later than 14 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
[1] This court did not receive the Alabama Supreme Court's order until March 4, 1996.
* Note from the Reporter of Decisions: On March 24, 1995, Renard Pruitt filed in the Court of Criminal Appeals a petition for a writ of habeas corpus. The court denied that petition on April 6, 1995, without opinion. On April 10, 1995, Pruitt filed a petition for writ of habeas corpus with the Alabama Supreme Court; the petition was assigned docket number 1940939. On May 3, 1995, the Supreme Court, without opinion, "remanded" the petition to the Court of Criminal Appeals for that court "to remand to Circuit Court for an evidentiary hearing on revocation of petitioner's bond." On May 5, 1995, the Court of Criminal Appeals "remanded" the case to the Jefferson Circuit Court, without opinion.
On November 29, 1995, after a return was filed with the Supreme Court, the Supreme Court remanded to the Court of Criminal Appeals for that court to remand to the circuit court "for entry of a written order setting out specific findings, pursuant to Rule 7.2, Ala.R.Crim.P., regarding the trial court's rationale for setting bail at $200,000" (no opinion).
Following the March 14, 1996, opinion, the Court of Criminal Appeals, on May 9, 1996, entered the order "petition dismissed on motion of petitioner." The Supreme Court, on the same day, entered on its docket the entry "copy of order dismissing habeas corpus." *Page 837