The petitioner, Stephen L. Jackson, filed this petition for a writ of habeas corpus after the Honorable James Garrett, circuit judge for the tenth judicial circuit, denied his petition requesting a "reasonable" bond. The petitioner was charged with robbery in the first degree. He filed a motion seeking to be released on bond in the district court for Jefferson County; the motion was denied. The petitioner then filed another motion with Judge Garrett seeking the same relief; Judge Garrett denied the motion. The petitioner then filed this petition for the writ of habeas corpus, asking us to direct the circuit court to set a reasonable bond.
The Alabama Constitution of 1901, § 16, states:
 "In Alabama, an accused upon arrest and before conviction, is entitled to bail as an absolute right provided he has sufficient sureties. Bail may only be denied in capital offenses, when the proof is evidence or the presumption great."
The criteria for setting bail is set out in Rule 7.2(a), Ala.R.Crim.P. The pertinent part of the rule reads as follows:
 "Any defendant charged with an offense bailable as a matter of right may be released pending or during trial on his or her personal recognizance or on an appearance bond unless the court or magistrate determines that such a release will not reasonably assure the defendant's appearance as required, or that the defendant's being at large will pose a real and present danger to others or to the public at large. If such a determination is made, the court may impose the least onerous condition or conditions contained in Rule 7.3(b) that will reasonably assure the defendant's appearance or that will eliminate or minimize the risk of harm to others or to the public at large. In making such a determination, the court may take into account the following:
 "(1) The age, background and family ties, relationships and circumstances of the defendant.
 "(2) The defendant's reputation, character, and health.
 "(3) The defendant's prior criminal record, including prior releases on recognizance or on secured appearance bonds, and other pending cases.
 "(4) The identity of responsible members of the community who will vouch for the defendant's reliability.
 "(5) Violence or lack of violence in the alleged commission of the offense.
 "(6) The nature of the offense charged, the apparent probability of conviction, and the likely sentence, insofar as these factors are relevant to the risk of nonappearance.
 "(7) The type of weapon used, e.g., knife, pistol, shotgun, sawed-off shotgun.
 "(8) Threats made against victims and/or witnesses.
 "(9) The value of property taken during the alleged commission of the offense.
 "(10) Whether the property allegedly taken was recovered or not; damage or lack of damage to property allegedly taken.
 "(11) Residence of the defendant, including consideration of real property ownership, *Page 224 
and length of residence in his or her place of domicile.
 "(12) In cases where the defendant is charged with a drug offense, evidence of selling or pusher activity should indicate a substantial increase in the amount of bond.
 "(13) Consideration of the defendant's employment status and history, the location of defendant's employment, e.g., whether employed in the county where the alleged offense occurred, and the defendant's financial condition.
 "(14) Any enhancement statutes related to the charged offense."
The setting of bail is discretionary; however, by constitutional provision, everyone charged with a noncapital offense has the right to bail. The recommended range of bail for robbery in the first degree, which is a class A felony, is $3,000 to $30,000. See Rule 7.2(b), A.R.Crim.P. However, the above factors may be considered to increase the bail recommended by the bail schedule.
As we stated in Daniels v. State, 597 So.2d 1383, 1384
(Ala.Cr.App. 1991); "The 'State is not without its remedies. . . . [T]he trial judge can raise the amount of the . . . bond, require additional sureties, and add additional conditions as seem necessary.' " Quoting Shabazz v. State, 440 So.2d 1200,1202 (Ala.Cr.App. 1983).
The petition is granted and this cause is remanded to the Circuit Court for Jefferson County, for the court to set a reasonable bail after considering the factors articulated in Rule 7.2(a), Ala.R.Crim.P.
PETITION GRANTED.
All the Judges concur.
[EDITORS' NOTE: PAGES 225-239 CONTAINS DECISIONS WITHOUT OPINIONS.] *Page 817