James Russell Cowart petitions for a writ of habeas corpus, requesting that we direct the Honorable Braxton L. Kittrell, Circuit Judge for the Thirteenth Judicial Circuit, to lower Cowart's $500,000 bail. Cowart was indicted for the murder of an 11-month-old child. (Although the crime charged is made capital by § 13A-5-40(a)(15), Code of Alabama 1975, Cowart was indicted for noncapital murder.) Cowart filed a motion requesting that Judge Kittrell lower his bail. After holding a hearing on the motion, Judge Kittrell denied it. This petition followed.
Article I, § 16, Alabama Constitution of 1901, states:
 "[A]ll persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and . . . excessive bail shall not in any case be required."
The range of bail recommended for a person charged with murder is from $5,000 to $50,000. See the "Bail Schedule" contained in Rule 7.2(b), Ala.R.Crim.P. When setting bail, a judge should be mindful of the factors set forth in Rule 7.2(a), Ala.R.Crim.P. This rule states:
 "Any defendant charged with an offense bailable as a matter of right may be released pending or during trial on his or her personal recognizance or on an appearance bond unless the court or magistrate determines that such a release will not reasonably assure the defendant's appearance as required, or that the defendant's being at large will pose a real and present danger to others or to the public at large. If such a determination is made, the court may impose the least onerous condition or conditions contained in Rule 7.3(b) that will reasonably assure the defendant's appearance *Page 1201 
or that will eliminate or minimize the risk of harm to others or to the public at large. In making such a determination, the court may take into account the following:
 "1. The age, background and family ties, relationships and circumstances of the defendant.
 "2. The defendant's reputation, character, and health.
 "3. The defendant's prior criminal record, including prior releases on recognizance or on secured appearance bonds, and other pending cases.
 "4. The identity of responsible members of the community who will vouch for the defendant's reliability.
 "5. Violence or lack of violence in the alleged commission of the offense.
 "6. The nature of the offense charged, the apparent probability of conviction, and the likely sentence, insofar as these factors are relevant to the risk of nonappearance.
 "7. The type of weapon used, e.g., knife, pistol, shotgun, sawed-off shotgun.
 "8. Threats made against victims and/or witnesses.
 "9. The value of property taken during the alleged commission of the offense.
 "10. Whether the property allegedly taken was recovered or not; damage or lack of damage to property allegedly taken.
 "11. Residence of the defendant, including consideration of real property ownership, and length of residence in his or her place of domicile.
 "12. In cases where the defendant is charged with a drug offense, evidence of selling or pusher activity should indicate a substantial increase in the amount of bond.
 "13. Consideration of the defendant's employment status and history, the location of defendant's employment, e.g., whether employed in the county where the alleged offense occurred, and the defendant's financial condition.
 "14. Any enhancement statutes related to the charged offense."
This Court has stated that "[t]he setting of bail is discretionary" but that the factors listed in Rule 7.2(a) "may be considered to increase the bail recommended by the bail schedule." Ex parte Jackson, 687 So.2d 222, 224
(Ala.Cr.App. 1996). Here, the trial court made no findings as to its reasons for setting bail at $500,000, — a bail substantially higher than that recommended by the bail schedule.
In Ex parte Pruitt, 673 So.2d 835 (Ala.Cr.App. 1995), this Court upheld the setting of a $200,000 bail because the offense was capital and the Alabama Constitution of 1901 provides that one charged with a capital offense may be held without bail. However, the Alabama Supreme Court in Pruitt directed this Court to order the circuit court to state findings to explain why it set bail at $200,000. See Ex parte Pruitt, 673 So.2d 836
(Ala.Cr.App. 1996).
Consistent with the directives of the Alabama Supreme Court in Pruitt, this case is remanded to the Circuit Court for Mobile County for that court to state its findings as to why it set the petitioner's bail at $500,000. The court is further directed to file those findings with this Court no later than 14 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* Note from the reporter of decisions: On September 5, 1997, on return to remand, the Court of Criminal Appeals dismissed the petition, without opinion.