McMILLAN, Judge.
The appellant, .Eric Peagler, appeals from the trial court’s summary denial of his Rule 32, Ala.R.Crim.P., petition for post-conviction relief.
The appellant filed a petition for a writ of habeas corpus, which the Barbour County Circuit Court treated as a Rule 32 petition. The Barbour County Circuit Court transferred the case to Montgomery County, the county where the appellant was originally sentenced. The appellant argues that he is entitled to relief because, he says, his rights to due process and equal protection are being violated by the trial court’s failure to issue an appeal bond. He argues that he in entitled to an appeal bond because his sentence is less than 20 years. See Rule 7.2(c)(2), Ala. R.Crim.P.
Rule 7.2(e)(2), Ala.R.Crim.P. provides:
“Any defendant who has been convicted of an offense and who for that offense has been sentenced to a term of imprisonment for twenty (20) years of less may be released on a secured bond or on the defendant’s personal recognizance.”
In its order denying the petition, the trial court stated:
“Eric Peagler filed a petition for writ of habeas corpus which was treated by the Circuit Court of Barbour County, Alabama, as a petition pursuant to Rule 32, AR.Crim. P., and that Court transferred the action to this circuit. Peagler again requests that he be granted an appeal bond from his re-sentencing.”
“Peagler apparently sought writ of mandamus from the Alabama Court of Criminal Appeals to direct this Court to set an appeal bond. That court denied the writ. Peagler v. State [Ex parte Peagler], 706 So.2d 871 (Ala.Cr.App.1997) [table]. Peagler then filed an original petition for a writ from the Alabama Supreme Court. To this Court’s knowledge, the Alabama Supreme Court has not ruled on the petition.”[1]
“In this Court’s opinion, Peagler’s appeal from the resentencing is groundless. The Court notes that Peagler, in his petition,' has not set forth why he contends his resentence is invalid. However, the Court further finds that in 1984 Peagler was convicted for possession of a controlled *243 substance in the Circuit Court of Autauga County, Alabama. A little over three years later, he was convicted in the United States District Court for conspiracy to possess drugs with the intent to distribute, and while on probation on his federal conviction, he was convicted in this Court for possession of a large amount of marijuana. It is clear to this Court that Peagler is a drug dealer and that his release on appeal is a danger to society.”
In Chandler v. State, 680 So.2d 1018, 1026 (Ala.Cr.App.1996), the appellant had argued that the trial court erred in not releasing him on bond pending his appeal. Therein, this Court affirmed that “ ‘ “[u]nder the laws in practice in Alabama, habeas corpus is the proper remedy to challenge either the denial or excessiveness of bail.” Clay v. State, 561 So.2d 1116, 1118 (Ala.Cr.App.1990).’ Burks v. State, 600 So.2d 374, 381 (Ala.CrApp.1991).” 680 So.2d at 1026. Thus, the appellant was correct in filing a petition for a writ of habeas corpus, and the Barbour Circuit Court should have considered the petition. Pursuant to § 15-21-6, Code of Alabama 1975, a habeas corpus petition should be addressed “to the circuit court nearest the inmate’s place of incarceration.” Smith v. State, 673 So.2d 831 (Ala.Cr.App.1995). Because proper jurisdiction was in the Circuit Court of Barbour County, the Montgomery Circuit Court had no jurisdiction to render a judgment in this case. Therefore, that judgment is void and will not support an appeal. Accordingly, this appeal is due to be dismissed. Upon the dismissal of the appeal, the Montgomery County Circuit Court should transfer the ease to the Circuit Court of Barbour County. Smith v. State, 673 So.2d 831, 832 (Ala.Cr.App.1995).
APPEAL DISMISSED.
All judges concur.

. The Alabama Supreme Court denied Peagler's petition for the writ of mandamus on March 28, 1997, without opinion (No. 1960814).