LONG, Presiding Judge.
The petitioner, Tony Ray Colley, filed this petition for a writ of habeas corpus requesting that the Honorable William E. Hereford, *451 Circuit Judge for the Thirtieth Judicial Circuit, lower his bail, which was set at $610,000. The petitioner was arrested on December 12, 1997, and was charged with trafficking in marijuana, distributing a controlled substance, and possessing a short-barrelled shotgun. Colley’s bail was set at $610,000— $500,000 for the trafficking charge, $100,000 for the distributing charge, and $10,000 for the shotgun charge. Colley filed a petition for a writ of habeas corpus in the circuit court requesting that his bail be lowered. A hearing was held on the petition and Judge Hereford denied the petition. This petition for a writ of habeas corpus followed.
Colley argues that $610,000 bail is excessive and that it violates Rule 7.2, Alabama Rules of Criminal Procedure, because the bail set for the trafficking charge, $500,000, is more than 16 times the amount recommended by the bail schedule. The State contends that Colley’s bail is not excessive, given the factors a judge may consider in setting bail. See Rule 7.2(a), Ala.R.Crim.P.
Neither Colley nor the State recognize that drug trafficking is listed separately on the bail schedule; it is not included in other Class A felonies. Rule 7.2, recommends the following bail for felonies:
“Capital felony $10,000 to No Bail Allowed
“Murder $5,000 to $50,000
“Class A felony $3,000 to $30,000
“Class B felony $2,000 to $20,000
“Class C felony $1,000 to $10,000
“Drug Trafficking $3,000 to $1,000,000”
The maximum recommended bail for drug trafficking is not $30,000 but $1,000,000; for a Class B felony, such as distributing a controlled substance, the recommended range is $3,000 to $30,000; and for a Class C felony, such as possessing a short-barrelled shotgun, the recommended range is $1,000 to $10,000. The total maximum bail which could be set under Rule 7.2 in Colley’s situation is $1,040,-000. However, if circumstances warrant, bail may be fixed at a higher amount than that recommended by the “Bail Schedule” in Rule 7.2(b). “This Court has stated that ‘[t]he setting of bail is discretionary’ but that the factors listed in Rule 7.2(a) ‘may be considered to increase the bail recommended by the bail schedule.’ Ex parte Jackson, 687 So.2d 222, 224 (Ala.Cr.App.1996).” Ex parte Cowart, 700 So.2d 1200, 1201 (Ala.Cr.App. 1997). Rule 7.2(a) states that the court may consider:
“1. The age, background and family ties, relationships and circumstances of the defendant.
“2. The defendant’s reputation, character, and health.
“3. The defendant’s prior criminal record, including prior releases on recognizance or on secured appearance bonds, and other pending cases.
“4. The identity of responsible members of the community who will vouch for the defendant’s reliability.
“5. Violence or lack of violence in the alleged commission of the offense.
“6. The nature of the offense charged, the apparent probability of conviction, and the likely sentence, insofar as these factors are relevant to the risk of nonappearance.
“7. The type of weapon used, e.g., knife, pistol, shotgun, sawed-off shotgun.
“8. Threats made against victims and/or witnesses.
“9. The value of property taken during the alleged commission of the offense.
“10. Whether the property allegedly taken was recovered or not; damage or lack of damage to property allegedly taken.
“11. Residence of the defendant, including consideration of real property ownership, and length of residence in his or her place of domicile.
“12. In cases where the defendant is charged with a drug offense, evidence of selling or pusher activity should indicate a substantial increase in the amount of bond.
“13. Consideration of the defendant’s employment status and history, the location of defendant’s employment, e.g., whether employed in the county where the alleged offense occurred, and the defendant’s financial condition.
“14. Any enhancement statutes related to the charged offense.”
The transcript of the habeas corpus hearing reflects that Colley was arrested for trafficking in 66 ounces of marijuana, two ounces *452 over four pounds. Officer James Brown of the Ragland Police Department testified that he was assigned to the Thirtieth Judicial Circuit Drug Task Force and that the task force had been “getting information” on Col-ley for four years before his arrest. As a result of the execution of a search warrant on Colley’s residence, police found one ounce of marijuana in a bedroom and 65 individual bags, weighing at least one ounce apiece, in a 1997 pickup truck. A set of triple beam scales, with marijuana residue, was seized from the garage. Police also discovered a short-barrelled shotgun and four loaded handguns in the house. A loaded handgun was also found in the 1997 pickup truck.
The distributing charge was the result of a controlled buy conducted at Colley’s residence. Officer Brown also testified that he interviewed Teresa Colley, the petitioner’s wife, and that she told him that Colley had been selling marijuana for six years, that he had regular customers, and that he had paid for the 1997 pickup truck with cash that he made from selling marijuana. Teresa Colley also told Officer Brown that Colley was unemployed. When Colley was arrested he was in possession of $3,791. Some of the money in Colley’s possession when he was arrested was traced back to money used in the controlled buy conducted at Colley’s residence.
The State argues that the amount of bail should not be reduced because, it says, Col-ley is a threat to flee. The State asserts in its answer to the petition that Colley no longer has a house because the FBI has commenced forfeiture proceedings on his residence. Colley also faces a maximum sentence of 129 years in the state penitentiary; he could be sentenced to 99 years if convicted of trafficking, to 20 years if convicted of distributing a controlled substance, and to 10 years if convicted of possessing a short-bar-relled shotgun.
Given the recommended bail amounts contained in Rule 7.2 and the circumstances surrounding the offenses, Judge Hereford did not err in setting bail at $610,000.
For the foregoing reasons, this petition for a writ of habeas corpus is due to be denied.
PETITION DENIED.
McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.