LONG, Presiding Judge.
The petitioner, Thaddeus Ferguson, filed this petition for a writ of habeas corpus directing the Honorable L. Bernard Smithart, circuit judge for the Third Judicial Circuit, to lower his bail, which had been set at $500,000. On March 12, 2000, Ferguson was arrested and charged in the district court with murder; bail was set at $500,000. Ferguson moved the district court to reduce his bail. On March 29, 2000, the court denied the motion. On April 12, 2000, Ferguson filed a habeas corpus petition in the circuit court, requesting that that court lower his bail. On May 17, 2000, the circuit court denied the motion. Ferguson then filed this habeas corpus petition, requesting that we direct the circuit court to reduce his bail.
The State’s response asserts that because there has been no ruling on the petition in circuit court we should not consider this petition. Ferguson has filed his reply to the State’s response. This reply reflects that the habeas corpus petition was denied by the circuit court on May 17, 2000.
The recommended bail for murder, a Class A felony, is between $5,000 to $50,000. Rule 7.2, Ala.R.Crim.P. Of course, the bail schedule contained in Rule 7.2 is merely a recommendation, and the court may raise the amount after considering the factors contained in Rule 7.2. See Ex parte Jackson, 687 So.2d 222 (Ala.Crim.App.1996). We direct the Court’s attention to the case of Ex parte Cowart, 700 So.2d 1200 (Ala.Crim.App.1997), where we stated:
“In Ex parte Pruitt, 673 So.2d 835 (Ala.Cr.App.1995), this Court upheld the setting of a $200,000 bail because the offense was capital and the Alabama Constitution of 1901 provides that one charged with a capital offense may be held without bail. However, the Alabama Supreme Court in Pruitt directed this Court to order the circuit court to state findings to explain why it set bail at $200,000. See Ex parte Pruitt, 673 So.2d 836 (Ala.Cr.App.1996).
“Consistent with the directives of the Alabama Supreme Court in Pruitt, this case is remanded to the Circuit Court for Mobile County for that court to state its findings as to why it set the petitioner’s bail at $500,000.”
700 So.2d at 1201.
The petition is granted in so far as the circuit court is directed to state its reasons for denying habeas corpus relief; it is denied in so far as he asks us to order the circuit court to reduce his bail. The circuit court is directed to state findings of fact as to why bail was fixed at $500,000 — an amount substantially higher than the amount recommended by the bail schedule. See Cowart.
PETITION GRANTED ÍN PART; DENIED IN PART.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.