Jackie Ray Brown petitions for a writ of habeas corpus, requesting that we direct Judge William H. Rhea III, circuit judge for the Sixteenth Judicial Circuit, to lower his bail, which was set at $300,000. Brown was indicted for three counts of attempted murder for shooting three police officers who had responded to a domestic dispute. Brown filed a habeas corpus petition, requesting that Judge Rhea lower his bail. Judge Rhea denied the petition; this petition followed.
Brown argues that the $300,000 cash bail set by Judge Rhea is excessive and that it therefore violates the Alabama Constitution and the United States Constitution.
Article I, § 16, Alabama Constitution of 1901, states:
 "[A]ll persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and . . . excessive bail shall not in any case be required."
The Eighth Amendment to the United States Constitution also provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."
In an effort to incorporate these constitutional provisions into the Alabama Rules of Criminal Procedure, the Alabama Supreme Court adopted Rule 7.2(b), Ala.R.Crim.P. This rule provides a bail schedule to assist judges in setting bail. The range of bail recommended by this schedule for a person charged with attempted murder — a Class A felony — is between $3,000 and $30,000. However, a judge may also consider the factors set forth in Rule 7.2(a), Ala.R.Crim.P., when fixing bail. This rule states:
"[T]he court may take into account the following:
 "1. The age, background and family ties, relationships and circumstances of the defendant.
 "2. The defendant's reputation, character, and health.
 "3. The defendant's prior criminal record, including prior releases on recognizance or on secured appearance bonds, and other pending cases.
 "4. The identity of responsible members of the community who will vouch for the defendant's reliability.
 "5. Violence or lack of violence in the alleged commission of the offense.
 "6. The nature of the offense charged, the apparent probability of conviction, and the likely sentence, insofar as these factors are relevant to the risk of nonappearance.
 "7. The type of weapon used, e.g., knife, pistol, shotgun, sawed-off shotgun. *Page 443 
"8. Threats made against victims and/or witnesses.
 "9. The value of property taken during the alleged commission of the offense.
 "10. Whether the property allegedly taken was recovered or not; damage or lack of damage to property allegedly taken.
 "11. Residence of the defendant, including consideration of real property ownership, and length of residence in his or her place of domicile.
 "12. In cases where the defendant is charged with a drug offense, evidence of selling or pusher activity should indicate a substantial increase in the amount of bond.
 "13. Consideration of the defendant's employment status and history, the location of defendant's employment, e.g., whether employed in the county where the alleged offense occurred, and the defendant's financial condition.
 "14. Any enhancement statutes related to the charged offense."
This Court has stated that "[t]he setting of bail is discretionary" but that the factors listed in Rule 7.2(a) "may be considered to increase the bail recommended by the bail schedule." Ex parte Jackson,687 So.2d 222, 224 (Ala.Crim.App. 1996). Here, the trial court made no findings as to its reasons for setting bail at $300,000, — an amount significantly higher than that recommended by Rule 7.2, Ala.R.Crim.P.
The Alabama Supreme Court has directed this Court to instruct the lower court to state its reasons when that court set a bail substantially higher than that recommended by the bail schedule. See Ex parte Pruitt,673 So.2d 836 (Ala.Crim.App. 1996). We have followed the Supreme Court's directive in Pruitt and granted pretrial habeas corpus petitions when bail was significantly higher than that recommended by the bail schedule. See Ex parte Ferguson, [Ms. CR-99-1680, June 23, 2000] ___ So.2d ___ (Ala.Crim.App. 2000), and Ex parte Cowart, 700 So.2d 1200
(Ala.Crim.App. 1997).
However, Judge Rhea could lawfully impose a cash bail requirement to Brown's bail. Section 15-13-111, Ala. Code 1975, lists the types of bail a judge may lawfully impose. This section states, in part:
 "For persons arrested and taken into custody, there shall be four kinds of bail used in this state. No other form of bail may be approved and accepted by any judicial officer, court clerk, magistrate, or any other person designated to accept and approve bail as stipulated in Division 1, Sections 15-13-100 to 15-13-110, inclusive. The four kinds of bail shall be judicial public bail, cash bail, property bail, and professional surety bail. Their definitions are as follows:
 "(1) Cash bail. Cash bail is when the defendant or some person on behalf of the defendant deposits cash in an amount equal to a part or the total sum of the bail as set by the judicial officer to the clerk of the court having jurisdiction over the case. Acceptance of cash bail shall conform to Division 9. . . ."
Section 15-13-158, Division 9, provides:
 "At any time after an order admitting a defendant to bail, the defendant or another person may deposit with the clerk of the court in which the defendant is held to answer, or the court's designee, the sum mentioned in the order in cash. A receipt of the moneys issued by the clerk or the court's designee shall be provided to the person posting the cash bail. A release shall be issued for the defendant and the defendant shall be discharged from custody." *Page 444 
Judge Rhea followed the guidelines set by statute when he imposed a cash-bail requirement. However, because the amount of the bail is substantially higher than that recommended by the bail schedule in Rule 7.2, Ala.R.Crim.P., this case is remanded to the Circuit Court for Etowah County for that court to state its reasons for setting Brown's bail at $300,000. The court is further directed to file those findings with this Court no later than 14 days from the date of this opinion.
This petition is granted to the extent that Judge Rhea is directed to state his reasons for denying habeas corpus relief; it is denied insofar as Brown asks this Court to reduce his $300,000 bail.
PETITION GRANTED IN PART; DENIED IN PART.
Cobb, Baschab, Shaw, and Wise, JJ., concur.