SHAW, Judge.
Deborah A. Murphy appeals the circuit court’s denial of her petition for a writ of habeas corpus, in which she contends that the bail amount set by the district court was so excessive that it violated her constitutional rights and effectively denied her the right to bail.[1] We reverse and remand.
The record indicates that Murphy was charged with domestic violence in the first degree, a violation of § 13A-6-130, Ala. Code 1975 (incorporating the offense of assault in the first degree as defined in § 13A-6-20, Ala.Code 1975), based on injuries inflicted on her 6-month-old son, a victim of “shaken baby syndrome.” A violation of § 13A-6-130 is a Class A felony, punishable by a sentence of imprisonment “for life or not more than 99 years or less than 10 years,” § 13A-5-6(a)(l), Ala.Code 1975, and by a fine not to exceed $20,000, § 13A-5-11(a)(l). At the time the alleged offense occurred, Murphy and her husband had custody of both Murphy’s 6-month-old son and her 10-year-old daughter.[2] Pursuant to a safety plan that had been implemented by the Department of Human Resources (DHR) as a result of injuries that had previously been inflicted on Murphy’s son by her husband, Murphy was allowed to supervise her husband’s visits with the children. Murphy was not charged with actually participating in or committing a violent act against her son; she was charged on a theory of negligent supervision of her husband during visitation.[3] The district court set bail for Murphy in the amount of $5,000,000. Murphy subsequently filed two motions to reduce the amount of her bail, both of which were denied. On November 24, 2000, Murphy filed this habeas petition in the circuit court, seeking review of the bail amount set by the district court. Following a hearing, the circuit court denied Murphy’s petition.
Article I, § 16, Alabama Constitution of 1901, provides:
“That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required.”
Additionally, the Eighth Amendment to the United States Constitution provides that “[ejxcessive bail shall not be required, nor excessive fines imposed.... ” We note that the right to bail is absolute and “may be denied only where the accused is charged with a capital offense and the proof is evident or the presumption of guilt great.” Brown v. State, 615 So.2d 1306, 1307 (Ala.Crim.App.1993), citing Sprinkle v. State, 368 So.2d 565 (Ala.1979). See also § 15-13-2, Ala.Code 1975.
*605 “Bail, which is basic to our system of law, is allowed to prevent the punishment of innocent persons, to enable accused to remain out of jail until the next proceeding in his case, to relieve the state of the burden of detaining accused pending trial, to place accused as much under the power of the court as if he were in the custody of the proper officer, and to enable accused to prepare his defense to the charge against him.”
8 C.J.S. Bail § 5 (1988); see also Long v. Hamilton, 467 S.W.2d 139, 141 (Ky.1971).
“In an effort to incorporate these constitutional provisions into the Alabama Rules of Criminal Procedure, the Alabama Supreme Court adopted Rule 7.2(a), Ala.R.Crim.P.” Ex parte Brown, 792 So.2d 441, 442 (Ala.Crim.App.2001). Rule 7.2(a) states, in pertinent part:
“(a) Before conviction. Any defendant charged with an offense bailable as a matter of right may be released pending or during trial on his or her personal recognizance or on an appearance bond unless the court or magistrate determines that such a release will not reasonably assure the defendant’s appearance as required, or that the defendant’s being at large will pose a real and present danger to others or to the public at large. If such a determination is made, the court may impose the least onerous condition or conditions contained in Rule 7.3(b) that will reasonably assure the defendant’s appearance or that will eliminate or minimize the risk of harm to others or to the public at large.... ”
In adopting the bail schedule in Rule 7.2(b), the Alabama Supreme Court recommended that bail for a Class A felony should normally be set within a range from $3,000 to $30,000. However, the bail schedule set forth in Rule 7.2 is discretionary; it is intended to serve only as a guide to trial courts in the exercise of discretion in setting bail. See Brown v. State, 615 So.2d 1306 (Ala.Crim.App.1993); Adams v. State, 645 So.2d 362 (Ala.Crim.App.1994); Daniels v. State, 597 So.2d 1383 (Ala.Crim.App.1991). The rule provides that the trial court may consider the following factors when determining an appropriate bail amount:
“(1) The age, background and family ties, relationships and circumstances of the defendant.
“(2) The defendant’s reputation, character, and health.
“(3) The defendant’s prior criminal record, including prior releases on recognizance or on secured appearance bonds, and other pending cases.
“(4) The identity of responsible members of the community who will vouch for the defendant’s reliability.
“(5) Violence or lack of violence in the alleged commission of the offense.
“(6) The nature of the offense charged, the apparent probability of conviction, and the likely sentence, insofar as these factors are relevant to the risk of nonappearance.
“(7) The type of weapon used, e.g., knife, pistol, shotgun, sawed-off shotgun.
“(8) Threats made against victims and/or witnesses.
“(9) The value of property taken during the alleged commission of the offense.
“(10) Whether the property allegedly taken was recovered or not; damage or lack of damage to property allegedly taken.
“(11) Residence of the defendant, including consideration of real property ownership, and length of residence in his or her place of domicile.
“(12) In cases where the defendant is charged with a drug offense, evidence of selling or pusher activity should indicate *606 a substantial increase in the amount of bond.
“(13) Consideration of the defendant’s employment status and history, the location of defendant’s employment, e.g., whether employed in the county where the alleged offense occurred, and the defendant’s financial condition.
“(14) Any enhancement statutes related to the charged offense.”[4]
See also Ex parte Jackson, 687 So.2d 222, 224 (Ala.Crim.App.1996).
In Ex parte Colbert, 717 So.2d 868 (Ala.Crim.App.1998), this Court recognized an alternative method of calculating bail as established by Wade v. State, 42 Ala.App. 400, 166 So.2d 739 (1964):
“Another method of calculating pretrial bail was approved in Wade v. State, 42 Ala.App. 400, 166 So.2d 739 (1964), and referred to recently in Brown v. State, 615 So.2d 1306 (Ala.Crim.App.1993). This method, called the ‘rough rule of thumb,’ provides that bail be calculated at a rate of $1,000 per year of the maximum potential sentence. Wade. Here, the appellant faces up to life imprisonment or 99 years for conviction of a Class A felony and up to 20 years’ imprisonment for each conviction of a Class B felony. If the appellant is convicted of all counts and is sentenced to consecutive maximum sentences, then he faces a potential prison sentence of 159 years. The ‘rough rule of thumb’ calculation would provide for bail in the amount of $159,000.”
717 So.2d at 871.
Murphy contends that under the guidelines set out above, “[t]he present bail is approximately 1,667 times the minimum recommended bail [$3,000] to 167 times the maximum recommended bail [$30,000]” and that it is approximately “fifty-one times the amount calculated according to Wade v. State [99 years x $1,000 = $99,000].” (Murphy’s brief at p. 12.) Thus, she argues that, because the offense here is not a capital one, because she has not previously failed to appear and has not given any indication that she is a flight risk, and because she has no prior criminal record, her bail should be reduced. We must agree.
The record indicates that the circuit court appropriately expressed concerns about the safety of Murphy’s children if she were released from custody. Specifically, upon the denial of the petition, the circuit court entered the following order:
“After hearing, the Court finds that the actions of the two District Judges regarding bail to be legal and proper. While bail is extremely high, there is a clear and present danger to minor children due to one child being in custody of grandmother. Writ of habeas corpus is denied.”
(C. 1, R. 15.)
However, the record indicates that the circuit court’s concerns could have been alleviated by the imposition of certain conditions, e.g., that Murphy not be allowed even to see her children or that she be allowed only supervised visitation until the present charge is resolved, as provided for by Rule 7.3(b), Ala.R.Crim.P. The transcript of the hearing on the habeas petition reveals that Murphy offered to stay away from her children until after the trial. Furthermore, as Murphy points out on appeal, she seeks to regain custody of her children and, thus, she has every reason to be present at any and all court proeeed- *607 ings. The transcript of the hearing reflects that the district attorney informed the circuit court that “[i]f [Murphy] should make bond, whatever that bond may be, there is an order from the Juvenile Court that the ten year old, who is now in the custody of the grandmother, would automatically go to foster care.” (R. 11.)
Finally, we note again that Murphy was not charged with the present offense because she participated in or actually committed a violent act against her six-month-old son. She was charged, instead, on a theory of negligent supervision of her husband during a visitation. There was no indication that either Murphy or her husband had ever perpetrated acts of domestic violence against their 10-year-old daughter. Furthermore, Murphy’s son was in the custody of DHR at the time of the habeas hearing and Murphy’s daughter was in the custody of her grandmother. In her reply brief on appeal, Murphy represents to this Court that her daughter has been removed from the custody of her grandmother and is presently in foster care. Therefore, the record indicates that upon release on bail, Murphy would not have custody of either child and it is unclear whether Murphy would even be permitted supervised access to either child.
Moreover, we note that the offense for which Murphy stands accused, domestic violence in the first degree, is a Class A felony. However, the charge is based on the underlying offense of assault in the first degree, which is a Class B felony. An assault charge is elevated to a Class A felony by the provisions of the domestic-violence statute. Our research has revealed no cases involving a Class A felony where a bond of this magnitude was set or approved. Even in cases involving the murder of children, such an onerous bail amount is not evident. See Ex parte Cowart, 700 So.2d 1200 (Ala.Crim.App.1997) (noncapital murder case involving death of 11-month-old child, bail set at $500,000); Ex parte Pruitt, 673 So.2d 835 (Ala.Crim.App.1995) (capital murder case involving death of two-year-old child, bail set at $200,000).
Given the recommended bail amounts contained in the bail schedule, and considering the facts of this case, we hold that the district court abused its discretion in setting Murphy’s bail at $5,000,000, and that the circuit court erred in denying Murphy’s petition to reduce the bail amount.
For the reasons stated above, the judgment of the circuit court denying Murphy’s petition for a writ of habeas corpus is reversed and this case is remanded to the circuit court for the entry of an order granting the petition and setting a reasonable bail, consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., concurs; BASCHAB, J., concurs specially, with opinion; COBB, J., joins special concurrence; WISE, J., dissents, without opinion.

. “Under the laws and practice in Alabama, habeas corpus is the proper remedy to challenge either the denial or excessiveness of bail.” Clay v. State, 561 So.2d 1116, 1118 (Ala.Crim.App.1990), overruled on other grounds, Ex parte Colbert, 717 So.2d 868 (Ala.Crim.App.1998). See also Peagler v. State, 708 So.2d 242, 243 (Ala.Crim.App.1997).

. The record is unclear whether Murphy's husband is also the biological father of her children.

.At the hearing on the habeas-corpus petition, the district attorney indicated that Murphy was not implicated in the first alleged incident of shaken baby syndrome that had resulted in injuries to her son. In fact, he stated that “there was no evidence at that time to indicate anything at all to do with her.” (R. 10.)

. We note that the factors listed in Rule 7.2(a) incorporate the factors previously included in Rule 2 of the Alabama Rules of Judicial Administration. See Committee Comments, Rule 7.2; Daniels v. State, 597 So.2d 1383, 1384 (Ala.Crim.App.1991).