815 So.2d 592 (2001)
Ex parte Lisa D. THOMAS.
(In re State of Alabama v. Lisa D. Thomas).
CR-00-2444.
Court of Criminal Appeals of Alabama.
September 14, 2001.
Opinion on Return to Remand October 12, 2001.
*593 David Luker, Birmingham, for petitioner.
Bill Pryor, atty. gen.; Jack Bostick, district atty.; and Daniel W. Madison, deputy atty. gen., for respondent.
PER CURIAM.
Lisa D. Thomas petitions for a writ of habeas corpus directing Judge Carlton W. Mayhall, Jr., to lower her bail, which has been set at $1,000,000. Thomas was indicted for three counts of felony murder for the murder of Alisa Taylor and her two children. (Wilson Earl Robitaille is Thomas's codefendant. Robitaille has been indicted for capital murder.) Thomas moved in the district court that her bail be reduced. Judge James Cashion denied the motion. Thomas then petitioned for a writ of habeas corpus in the circuit court for Marion County, requesting that a reasonable bail be set. Judge Mayhall held a hearing and denied the petition. Thomas then filed an original petition for a writ of habeas corpus with this Court.
Thomas argues that she is entitled to a reasonable bail and that the bail set in this case, $1,000,000, is grossly excessive to the amount recommended by the bail schedule in Rule 7.2, Ala.R.Crim.P.
Article I, § 16, Alabama Constitution of 1901, states:
"[A]ll persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and ... excessive bail shall not in any case be required."
Thomas is charged with three counts of felony-murder, a noncapital offense. Rule 7.2, Ala.R.Crim.P., lists the recommended bail for felony-murder, a Class A felony, as between $5,000 and $50,000. We have often stated that the bail amounts in Rule 7.2, are merely recommendations and that a trial court may set a higher amount than the amount in Rule 7.2 after considering the factors in Rule 7.2. The trial court may increase bail after considering the following:
"1. The age, background and family ties, relationships and circumstances of the defendant.
"2. The defendant's reputation, character, and health.
"3. The defendant's prior criminal record, including prior releases on recognizance or on secured appearance bonds, and other pending cases.
"4. The identity of responsible members of the community who will vouch for the defendant's reliability.
"5. Violence or lack of violence in the alleged commission of the offense.
"6. The nature of the offense charged, the apparent probability of conviction, and the likely sentence, insofar as these factors are relevant to the risk of nonappearance.
"7. The type of weapon used, e.g., knife, pistol, shotgun, sawed-off shotgun.

*594 "8. Threats made against victims and/or witnesses.
"9. The value of property taken during the alleged commission of the offense.
"10. Whether the property allegedly taken was recovered or not; damage or lack of damage to property allegedly taken.
"11. Residence of the defendant, including consideration of real property ownership, and length of residence in his or her place of domicile.
"12. In cases where the defendant is charged with a drug offense, evidence of selling or pusher activity should indicate a substantial increase in the amount of bond.
"13. Consideration of the defendant's employment status and history, the location of defendant's employment, e.g., whether employed in the county where the alleged offense occurred, and the defendant's financial condition.
"14. Any enhancement statutes related to the charged offense."
Here, Judge Mayhall failed to state findings why he denied habeas corpus relief on a bail in the amount of $1,000,000, an amount significantly higher than that recommended by the bail schedule.[1] Our review of this case is additionally hampered because the petition, the answer, and the transcript of the habeas corpus hearing do not contain any facts surrounding the case.
In our case of Ex parte Pruitt, 673 So.2d 836 (Ala.Crim.App.1996), the Alabama Supreme Court by an order of that Court directed us to remand a habeas corpus petition to the circuit court for that court to state its reasons for setting bail at $200,000, in a capital-murder case. As we stated in Ex parte Cowart, 700 So.2d 1200 (Ala.Crim.App.1997),
"Consistent with the directives of the Alabama Supreme Court in Pruitt, this case is remanded to the Circuit Court for Mobile County for that court to state its findings as to why it set the petitioner's bail at $500,000."
In compliance with the Supreme Court's opinion in Pruitt, this case is remanded to the circuit court for Marion County for that court to state its reasons why it denied Thomas's request to lower her $1,000,000 bail. See Brown v. State, 792 So.2d 441 (Ala.Crim.App.2001) and Ex parte Ferguson, [Ms. CR-99-1680, June 23, 2000] ___ So.2d ___ (Ala.Crim.App. 2000). The trial court's findings should be filed in this court by no later than 14 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.

On Return to Remand
PER CURIAM.
Lisa D. Thomas petitioned for a writ of habeas corpus directing Judge Carlton W. Mayhall, Jr., to lower her bail, which has been set at $1,000,000. Thomas was indicted for three counts of felony murder for the murder of Alisa Taylor and her two children. We remanded this case to the circuit court for that Court to state its reasons, using the factors in Rule 7.2, Ala. R.Crim.P., for failing to grant habeas relief.[1] See Ex parte Thomas, 815 So.2d 592 *595 (Ala.Crim.App.2001). Judge Mayhall has complied with our instructions and has filed his return to remand with this Court.
Judge Mayhall's order does not state any evidence that would support a dramatic increase in Thomas's bail. In fact, Judge Mayhall states that Thomas is 37 years old; that she has two daughters, one of whom lives with her; that she has three siblings that live in Alabama; that she has an excellent reputation in the community; that she has no previous criminal record; that she has resided in Phenix City for 13 years; that she was employed at two different locations in Columbus, Georgia, for approximately 7 to 10 years before her arrest; and that evidence was presented at the habeas corpus hearing that 10 people were ready to vouch for Thomas's reliability and to sign a bond for her release. Judge Mayhall did state that Thomas is charged with three counts of felony-murder for the stabbing deaths of a mother and her two children and that Thomas was not cooperative during the investigation of the offenses.
Thomas has filed a reply to Judge Mayhall's order on remand. Thomas states that there is no evidence that she participated in the actual stabbings and that as soon as she learned that she had been charged with a crime she retained a lawyer and voluntarily surrendered to police.
The bail schedule contained in Rule 7.2 recommends that the bail amount for felony-murder be between $5,000 and $50,000. We have also approved of a second method of calculating bail called the "rough rule of thumb." See Murphy v. State, 807 So.2d 603 (Ala.Crim.App.2001). Using this method, we look at the maximum sentence the accused could face for the charged crimes and multiple that number by $1,000. Here, Thomas faces a sentence of life or 99 years for each felonymurder counta total sentence of 297 years. The rough-rule-of-thumb calculation would provide for bail in the amount of $297,000.
Thomas's $1,000,000 bail is excessive under both the recommendations and the factors contained in Rule 7.2, and the *596 "rough-rule-of-thumb" calculation. Because of the lack of evidence of factors that would warrant an dramatic increase in Thomas's bail, we are compelled to grant habeas corpus relief and to direct Judge Mayhall to set a reasonable bail.
PETITION GRANTED.
McMILLAN, P.J., and BASCHAB and SHAW, JJ., concur.
COBB and WISE, JJ., dissent, without opinion.
NOTES
[1] In our recent case of Murphy v. State, 807 So.2d 603 (Ala.Crim.App.2001), this court granted habeas relief to a defendant whose bail was set at $5,000,000, on a change of violating the domestic-violence statute. However, the trial court in Murphy had stated its reasons for refusing to lower the bail.
[1] The factors listed in Rule 7.2(a) are:

"1. The age, background and family ties, relationships and circumstances of the defendant.
"2. The defendant's reputation, character, and health.
"3. The defendant's prior criminal record, including prior releases on recognizance or on secured appearance bonds, and other pending cases.
"4. The identity of responsible members of the community who will vouch for the defendant's reliability.
"5. Violence or lack of violence in the alleged commission of the offense.
"6. The nature of the offense charged, the apparent probability of conviction, and the likely sentence, insofar as these factors are relevant to the risk of nonappearance.
"7. The type of weapon used, e.g., knife, pistol, shotgun, sawed-off shotgun.
"8. Threats made against victims and/or witnesses.
"9. The value of property taken during the alleged commission of the offense.
"10. Whether the property allegedly taken was recovered or not; damage or lack of damage to property allegedly taken.
"11. Residence of the defendant, including consideration of real property ownership, and length of residence in his or her place of domicile.
"12. In cases where the defendant is charged with a drug offense, evidence of selling or pusher activity should indicate a substantial increase in the amount of bond.
"13. Consideration of the defendant's employment status and history, the location of defendant's employment, e.g., whether employed in the county where the alleged offense occurred, and the defendant's financial condition.
"14. Any enhancement statutes related to the charged offense."